Henderson, Chief-Justice.
 

 Where character is not in issue, but comes in question incidentally and collaterally, as that of a witness does, the rule is, that specific charges of criminal or corrupt acts are not to be heard to impeach it. Two reasons are given for the rule; either of which, I think, is sufficient to sustain if. The first is, the number of issuss such evidence is calculated
 
 *521
 
 to create, thereby consuming the time of the Court, anti abstracting the mimi from the main issue. The other is, tiiat both the party ami witness would almost, always be wholly unprepared to meet and repel the charges.-— But these reasons do not go to exclude proof of bad character by
 
 common report or reputation;
 
 for that is single in its nature, and but one issue can arise upon it. Nor can tiie party or the witness be taken by surprize, by such evidence j for it must be known to many, otherwise it is not
 
 common reputation.
 
 If a bad character therefore be. falsely by this evidence, attributed to a witness, it is easily repelled by evidence of (he same kind. The ground, on which tiie counsel for the Defendant placed the question, cannot render the evidence admissiblej namely, that altho’ not evidence in chief, it is admissible to impeach tiie character of the supporting witness ; tiiat witness having given (he first a gcod character, when he knew such reports had been circulated. This would be doing that indirectly, which flic law forbids to be done directly, viz : impeaching tiie character of the witness in. chief by specific charges ; and that too, not by common reputation, but by a mere report, which is very different For the law supposes the latter to be true, ami therefore admits it as evidence. But it makes ho such supposition in favor of a .mere report, which wc know to be most commonly false. Reports may ripen into common reputation and common belief. When they arrive at tiiat stage, it is supposed that they are true. They have then the best test of their truth,
 
 common opinion
 
 and
 
 belief,
 
 and cease to be mere reports.
 

 Independently of the injury which evidence of the kind objected to inflicts on the witness in chief, and the party offering him, it ought not to discredit the supporting witness. For if the witness in chief sustains a good general character fi otn common reputation, the supporting witness said nothing untrue, in attributing it to him»
 
 *522
 
 jyfor ¿¡0 j think that such specific charges could be proven, even by common reputation, which is nothing more than hearsay ; which for very obvious reasons is confined to character, pedigree, and boundary
 
 ;
 
 for very often they are incapable of other proof.
 

 Per Curiam. — Let the judgment of the Court below be reversed, and a new trial awarded.