## STATE v. WATT BARRETT.

### (Filed 27 October, 1909.)

**1. Burning Barn—Motive—Evidence—Error.**

It is competent for the State in showing motive upon the part of defendant in burning a barn for which he was being tried, and which was being used by the witness as a tenant at the time, to ask witness, on direct examination, whether he opposed defendant's application for membership in a certain lodge; but it was error in the trial judge to admit in evidence at an early stage of the trial, and before defendant had put his character at issue,

the answer of witness that his reason for doing so was that defendant "had been convicted of stealing and sent to the chaingang."

2. Same—Harmless Error.

Error committed in admitting as evidence the reason of witness in opposing defendant's application for membership •in a certain lodge, to show motive for the burning of a barn, used by witness as a tenant, for which defendant was being tried, to wit: Defendant "had been convicted of stealing and sent to the chaingang," is cured by the subsequent admission thereof by the defendant when under examination as a witness in his own behalf.

3. Burning Barn — Instructions — "Willfully and Wantonly" — "Feloniously"—Special Requests.

A charge of the judge on a trial of defendant for burning a barn, that they must find that defendant "willfully and wantonly set fire to and burned the barn," is not objectionable on the ground that the court failed to explain more fully what is meant by the words "willfully and wantonly," in the absence of special prayer for instructions requesting it; and his failure to instruct the jury that the act must be feloniously done, was not error. Revisal, sec. 3338.

APPEAL by defendant from *W. J. Adams, J.,* August Term, 1909, of UNION, from conviction, under an indictment for burning the barn of one Paul Huntley.

The facts are stated in the opinion of the Court.

*Attorney-General, George L. Jones* and *A. M. Stack* for the State.

*Adams, Jerome & Armfield* for defendant.

BROWN, J. The first assignment of error relates to the testimony of a witness for the State, Jeff Rivers, who was tenant on the place where the burned barn was situated, and occupied it with his produce and other property. This witness was asked on his direct examination "whether or not he opposed defendant's application to membership in the Grand Union." The defendant objected, and, his objection being overruled, excepted. The witness answered: "I opposed the defendant's application to membership in the Grand Union on the ground that he had been convicted of stealing and sent to the chain gang." The defendant objected to the answer. Objection overruled, and defendant excepted:

It was entirely competent for the State to show motive upon the part of the defendant to burn the barn occupied and used by the witness, and to that end it was proper to show that bad feeling existed, and the reason for it, but that part of the reply of the witness in which he stated that defendant had been con-

victed of stealing and sent to the chain gang should have been excluded and the jury carefully cautioned not to regard it.

The State had no right at that stage of the trial to put so damaging a fact in evidence. The defendant had not put his character in issue at that time. But we think the error entirely cured by subsequent proceedings.

The defendant was examined as a witness in his own behalf, and testified that he had been indicted for stealing corn and served four months on the chain gang for it.

The second and third assignments of error relate to the charge of the court.

The defendant's prayers for instruction are elaborate and carefully drawn, but we think in his charge the court gave him the full benefit of all he was entitled to.

It is not the duty of the judge to follow the verbiage of special instructions prayed by counsel. He must be allowed to charge the law in his own language, and this has been done very clearly, fully and accurately, with careful regard for defendant's rights.

Assignment of error No. 4. This assignment pertains to the failure of his Honor to charge the jury in what willful and unlawful intent consists, and for his further failure to charge the jury that defendant must have committed the crime feloniously.

The court charged the jury that they must find that defendant willfully and wantonly set fire to and burned the barn and stables. No special instruction was asked as to this, and we do not think it is reversible error because the court failed to explain more fully what is meant by the words "willfully and wantonly."

His Honor very properly did not instruct the jury that the act must be feloniously done. The statute does not use the word "felonious." Revisal, sec. 338; *State v. Battle,* 126 N. C., 1036.

The Judgment is
Affirmed.