STATE v. J. Q. ADAMS.

(Filed 20 April, 1927.)

**1. Criminal Law—Evidence—Character—Impeaching Evidence.**

Where a defendant has not testified in his own behalf, his general character has not been put in issue, and it is reversible error for his wife to·testify against it as to particular instances.

**2. Criminal Law—Evidence—Impeaching Evidence—Husband and Wife.**

Upon the trial of an assault with attempt to commit rape, testimony of the defendant's wife in effect that he had theretofore been several times arrested for a criminal offense, is erroneously admitted as tending to impeach his character in a criminal action.

CRIMINAL ACTION, tried before *H. L. Godwin, Emergency Judge,* at November Special Term, 1926, of SURRY.

The defendant was tried upon a bill of indictment charging rape. The verdict of the jury was, "Guilty of assault and attempt to commit rape," and thereupon the verdict was entered upon the record of the court as "Guilty of assault with intent to commit rape."

STATE *v.* ADAMS.

From judgment, sentencing the defendant to the State's prison for a term of ten years, he appealed, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Folger & Folger for defendant.*

BROGDEN, J.   The defendant did not testify in his own behalf, but his wife, among other witnesses, testified in his behalf.   Upon cross-examination of the wife, the solicitor asked her the following question, referring to her husband, the defendant:  (Q.) "That wasn't the first time he had been up, was it?"   (A.) "No, sir; because I thought he has been jerked up more times than one unjust."

The effect of this evidence was to put before the jury the fact that the defendant had previously been charged with or arrested for crime.   For all practical purposes, this amounted to proving the bad character of the defendant by proof of specific acts, or impeaching his character when he had not testified in his own behalf.

In *S. v. Holly,* 155 N. C., 485, the Court has held that a defendant charged with crime may offer evidence of his good character, and thereupon the State may offer evidence of his bad character, "but cannot, by cross-examination or otherwise, offer evidence as to particular acts of misconduct."   This rule is both sound and salutary, for the reason that it obviates a mass of collateral questions which would interminably prolong trials and inevitably result in drawing the minds of the jurors far afield from the merit of the case.   *S. v. Bullard,* 100 N. C., 487; *Marcom v. Adams,* 122 N. C., 222; *Coxe v. Singleton,* 139 N. C., 362; *S. v. Murdock,* 183 N. C., 779; *S. v. Colson, ante,* 236; *S. v. Canup,* 180 N. C., 739.

The evidence was incompetent in another aspect, for the reason that the wife cannot testify against the husband in a criminal action of this nature.   It cannot be successfully maintained that the testimony complained of was "not against the husband," because it tended directly to impeach the husband's character.   *S. v. Harbison,* 94 N. C., 885; *S. v. Raby,* 121 N. C., 682; *Grant v. Mitchell,* 156 N. C., 15; *Powell v. Strickland,* 163 N. C., 394; *S. v. Aswell and Smith, ante,* 399.

There are other serious exceptions in the record, but, as a new trial must be awarded, they will not be discussed, as they may not occur at the subsequent trial.

New trial.