STATE v. LOUIS SHINN.

(Filed 11 December, 1935.)

1. **Criminal Law L e—**

Where a new trial is awarded defendant for error in the admission of certain evidence, other assignments of error need not be considered.

2. **Criminal Law G r—**

It is reversible error to admit testimony of specific acts of misconduct of a material witness for defendant for the purpose of impeaching the

testimony of such witness, the State being confined to the general reputation of the witness in impeaching his credibility.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sink, J.,* at April Term, 1935, of CABARRUS.   New trial.

This is a criminal action in which the defendant Louis Shinn was tried on two indictments for murder, one for the murder of Brady Medlin and the other for the murder of Albert Medlin.   Without objection, the two indictments were consolidated for trial.

When the defendant was arraigned for trial, the solicitor for the State announced that he would not contend that on the evidence which he would offer for the State the defendant was guilty of murder in the first degree, but that he would contend that the defendant is guilty of murder in the second degree or of manslaughter, as the jury should find the facts from the evidence.   The defendant entered a plea of not guilty to each indictment.

All the evidence at the trial showed that early in the night of 23 March, 1935, near a store in the town of Kannapolis, N. C., the defendant Louis Shinn shot and killed both Brady Medlin and Albert Medlin. There was evidence for the State tending to show that the defendant shot each defendant with a pistol twice, and that the second shot in each case was fired by the defendant while the deceased was leaving the place where the first shot was fired, and that the second shot inflicted the fatal wound.

The evidence for the defendant tended to show that he shot and killed both Brady Medlin and Albert Medlin in his self-defense, while he was being assaulted by both the deceased men, who were brothers.

Luther Mesimer testified as a witness for the defendant.   His testimony, which was admitted as evidence for the defendant without objection by the State, if believed by the jury, showed that both homicides were committed by the defendant in his self-defense.

S. J. Critz, who had testified as a witness for the defendant, on his cross-examination by the solicitor for the State, testified that he knew the general reputation of the witness, Luther Mesimer, and that it was "pretty good."   He was then asked the following questions by the solicitor for the State:

"Q. How many times has Luther Mesimer been up in court?

"A. Two or three times.

"Q. In the last six years, hasn't he been involved in affrays with deadly weapons at least half a dozen times, and isn't that his reputation?

"A. I don't know how many times—several times.

"Q. Didn't he serve an 8 months sentence for an assault with a deadly weapon, to wit: A knife?

"A. Yes, sir."

The defendant's objections to these questions and the answers thereto, all made in apt time, were overruled, and the defendant excepted.

There was a verdict that the defendant is guilty of murder in the second degree, as charged in each indictment.

From judgment that he be confined in the State's Prison for a term of not less than fifteen or more than twenty-five years the defendant appealed to the Supreme Court, assigning errors in the trial as appear in the case on appeal.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Hartsell & Hartsell and Clyde R. Hoey for defendant.*

CONNOR, J. As the defendant is entitled to a new trial of this action for error in the admission of evidence tending to show specific acts of misconduct by Luther Mesimer, a witness for the defendant, as evidence of his bad character, to be considered by the jury as affecting the credibility of his testimony, we shall not discuss serious assignments of error also urged by counsel for defendant on his appeal to this Court.

In *State v. Holly,* 155 N. C., 485, 71 S. E., 450, it is said that the authorities in this State are numerous and uniform that it is error to allow questions on the cross-examination of a witness as to the character of the defendant, or as to the character of a material witness for the defendant, as to specific acts of misconduct of the witness, as tending to affect the credibility of his testimony. In the instant case it was competent to show the general reputation of the witness for the defendant, for the purpose of impeaching him. However, evidence tending to show specific acts of misconduct by him was not admissible as evidence tending to show that his general reputation was bad.

In accordance with this principle, we must sustain the defendant's assignment of error based on his exceptions to the rulings of the court on his objections to questions addressed to the witness Critz as to specific acts of misconduct by the witness Luther Mesimer. For this reason the defendant is entitled to a

New trial.

DEVIN, J., took no part in the consideration or decision of this case.