## STATE v. MONROE LEE.

(Filed 17 March, 1937.)

**1. Criminal Law § 32a—**

Circumstantial evidence in this case, including testimony as to the action of bloodhounds, admitted for the purpose of corroboration, *is held* to constitute more than a scintilla, and sufficient to take the case to the jury.

**2. Criminal Law § 40—Testimony tending to impeach and discredit defendant about collateral matter held incompetent.**

Defendant, on trial for maliciously burning a barn, did not testify in his own behalf. A witness, who was not the owner of the barn, was allowed to testify as to difficulties with defendant after the witness had testified against defendant upon an indictment for larceny, a year or two before the indictment for arson, resulting in the witness' indictment of defendant for assault with a deadly weapon. *Held:* The testimony tended to discredit and impeach defendant about a collateral matter when he had not gone upon the stand, and was erroneously admitted.

APPEAL by defendant from *Harris, J.,* at January Term, 1937, of HARNETT. New trial.

Defendant was charged with maliciously burning a barn, the property of State's witness Lucas.

From judgment pronounced on verdict of guilty, the defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*J. R. Young for defendant.*

DEVIN, J. While the evidence was entirely circumstantial and included testimony as to the action of bloodhounds, admitted for the purpose of corroboration, we are unable to say that this did not constitute more than a scintilla of evidence, and so sufficient to take the case to the jury. *S. v. Thompson,* 192 N. C., 704.

However, we think there was error in the admission of testimony, warranting a new trial. The witness Ralph Vann was questioned by the State relative to a difficulty he had had with the defendant a year or two before. It appears from the record that defendant in apt time objected to the evidence, and "to anything that happened a year or two ago; overruled; defendant excepts." The witness thereupon described the difficulty with defendant as follows: "Monroe (the defendant) tried to get me to go off with him that night to steal some meat at his brother's and I would not go, and that night the meat got gone and the next morn-

ing his brother was around there, and I told him about it, and they had him up in Dunn and summoned me, and I told it on the stand, and Mr. Lee got mad with me. So, a long time after that, a year or two, I don't remember when it was, one Saturday morning I was going to my grandfather's, and I went down the road and he come out in his yard with his gun and shot me sideways kind of, and turned around and run back to his house, and I indicted him."

Doubtless the able presiding judge was not advertent to the fact that the exception covered all this testimony, as now appears from the record before us.

This evidence tended to discredit and impeach the defendant about a collateral matter, when he had not gone upon the stand, and was manifestly prejudicial. Nor was the error cured by subsequent proceedings. *S. v. Barrett*, 151 N. C., 665; *S. v. Holly*, 155 N. C., 485; *S. v. Adams*, 193 N. C., 581.

New trial.