STATE v. AMBROSE SHEPHERD.

(Filed 19 November, 1941.)

1. **Criminal Law § 41e—**

A character witness for defendant may not be questioned on cross-examination as to particular acts of misconduct of defendant and may not be questioned as to the general reputation of defendant for particular vices for the purpose of impeaching the character of defendant, but he may be questioned on cross-examination as to the general reputation of defendant for particular vices for the purpose of testing the witness' knowledge of defendant's general reputation and to impeach the credibility of the witness.

2. **Criminal Law § 48b—**

Where questions asked upon cross-examination of a character witness for defendant are competent for the purpose of impeaching the witness but not for the purpose of impeaching the character of the defendant, defendant must request that the testimony be so limited, and in the absence of such request a general objection and exception to the testimony cannot be sustained.

3. **Criminal Law § 38a—**

Upon the admission of a photograph of the scene of the crime in evidence the witness stated that the car in the photograph was not located as was deceased's car at the time of the homicide. The court instructed the jury to disregard the automobile as shown in the photograph and properly limited the use of the photograph to the purpose of explaining the testimony of witnesses. *Held:* Defendant's exception to the admission of the photograph in evidence is untenable.

4. **Criminal Law § 81c—**

Where the charge of the court is without error when considered contextually, defendant's exceptions to isolated parts thereof cannot be sustained.

5. **Homicide §§ 12, 27f—Evidence held not to present question of defendant's right to kill in defense of his wife.**

The evidence tended to show that after an assault made upon defendant by deceased in front of defendant's house, defendant went into his house and left the place of danger, that defendant's wife remained outside trying to persuade deceased to leave, that thereafter defendant returned from the house with a pistol, and upon deceased's renewing the assault, shot and killed deceased. There was no evidence that deceased had assaulted

or threatened defendant's wife and no evidence of any fact or circumstance which would cause a person of reasonable prudence to apprehend that she was in danger. *Held:* Defendant's exceptions to the charge on the ground that the court failed to instruct the jury as to his right to kill in defense of his wife, is untenable.

APPEAL by defendant from *Sink, J.,* at August Term, 1941, of WILKES. No error.

Criminal action tried on indictment charging the defendant with the murder of one George Johnson.

The defendant lives in the Reddies River section of Wilkes County. His home is on an elevation above the road. Steps lead from the porch to his house to a walkway which extends to the road. There are steps leading from the end of the walkway down to the road level. He and the deceased had been friends for many years. On 14 June, 1941, deceased drove up in front of defendant's home and called or signaled to him. The defendant went to the car of the deceased and talked to him through the window of the car. The deceased then stopped the motor, stated that he had come there to whip the defendant, and that he was going to do so; got out of his car, went around to the defendant, pulled his hat down over his face, took his glasses off, threw them into the grass, and struck the defendant in the face. He then picked up two stones about the size of a man's fist and continued to threaten to whip the defendant, who left and went into the house. The defendant's wife and a lady who was present undertook to persuade the deceased to leave. The defendant then came out of the house with a pistol, went down the walkway onto the steps leading to the road. The deceased picked up two more rocks and started towards him, whereupon the defendant shot deceased several times, inflicting wounds from which he died. As described by the defendant, "I suppose he was as far from me as from here to that table, and he came right on to me. I shot him. I shot him until he fell; I wouldn't say how many times I shot."

The solicitor having announced at the beginning of the trial that he would not seek a verdict of guilty of murder in the first degree, the cause was submitted on the charge of murder in the second degree or manslaughter, and the jury returned a verdict of "guilty of manslaughter." From judgment thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Trivett & Holshouser and Hayes & Hayes for defendant, appellant.*

BARNHILL, J.   The defendant offered a number of witnesses for the purpose of establishing his general reputation. On cross-examination the solicitor questioned these witnesses with reference to the defendant's

general reputation for certain vices, particularly as to whether the defendant did not have the general reputation of getting drunk and mistreating his family and as to whether he did not have the general reputation of having been indicted on numerous occasions. Most of these questions were answered in the negative or the witnesses professed no knowledge thereof. Others were answered in the affirmative. Later the court, being under the apprehension that under *S. v. Shinn,* 209 N. C., 22, 182 S. E., 721, this evidence was incompetent, withdrew it and instructed the jury not to consider the same.

The defendant's exceptions directed to the admission of this testimony cannot be sustained. The court incorrectly interpreted the opinion in the *Shinn case, supra.* The evidence was competent in the first instance.

While it is true that character witnesses may not be cross-examined as to specific acts of misconduct of the defendant, *S. v. Shinn, supra,* he may be questioned as to the general reputation of the defendant as to particular vices or virtues. *Edwards v. Price,* 162 N. C., 243, 78 S. E., 145; *Davis v. Long,* 189 N. C., 129, 126 S. E., 321; *S. v. Nance,* 195 N. C., 47, 141 S. E., 468; *S. v. Colson,* 193 N. C., 236, 136 S. E., 730; *S. v. Lefevers,* 216 N. C., 494, 5 S. E. (2d), 55. Such evidence is competent for the purpose of testing the knowledge of the witness concerning the general reputation about which he has testified and to impeach his testimony. That is, it goes to the credibility of the witness and is competent for that purpose only. *S. v. Holly,* 155 N. C., 485, 71 S. E., 450; *S. v. Lefevers, supra.* Upon request the court should so limit it. However, upon general objection only, without request that it be restricted to the use for which it is competent, the general objection and exception is not tenable. *S. v. Tuttle,* 207 N. C., 649, 178 S. E., 76, and cases cited; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284.

The exceptions directed to the alleged error of the court in permitting the introduction and use of a photograph of the house, porch and walk are without merit. This photograph shows a car standing in the road. The witness stated that the car was not located as was that of the deceased at the time of the homicide but that otherwise it correctly represented the premises in question. The court charged the jury to disregard the automobile as shown in the photograph and clearly limited the use of the photograph in accord with our decisions. *S. v. Mitchem,* 188 N. C., 608, 125 S. E., 190, and cases cited; *S. v. Holland,* 216 N. C., 610, 6 S. E. (2d), 217; *S. v. Perry,* 212 N. C., 533, 193 S. E., 727; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Miller,* 219 N. C., 514, 14 S. E. (2d), 522.

The court correctly defined malice. Likewise, its instructions upon the crime of manslaughter, *S. v. Jordan,* 216 N. C., 356, 5 S. E. (2d), 156, and cases cited; *S. v. Koutro,* 210 N. C., 144, 185 S. E., 682, and

as to the consideration to be given the testimony of an interested witness, *S. v. Holland, supra,* when considered contextually, were in substantial accord with the decisions of this Court. Exceptions to isolated parts thereof cannot be sustained.

The defendant complains that the court's instructions on his plea of self-defense were inadequate and erroneous and failed to give him the full benefit of this defense. Exceptions based on this contention are without merit. When the evidence is analyzed it appears that the defendant, after the first difficulty, retired to a place of safety. He thereafter armed himself with a pistol, returned to the road where the deceased was and, upon a renewal of the difficulty, immediately shot and killed the deceased. He seeks to justify his conduct upon the theory that he returned to protect his wife. The record fails to disclose any evidence to sustain this theory. His wife was there undertaking to persuade the deceased to leave. No assault had been committed upon her, no threat had been made against her and no fact or circumstance appears which would cause a person of reasonable prudence to apprehend that she was in danger. On the defendant's own statement, as he outlines the occurrence, the charge on his plea of self-defense was more favorable to him than he had a right to demand.

That the difficulty occurred in front of his home and the deceased instigated it are mitigating circumstances which the court, judging from the sentence imposed, took into full consideration in pronouncing sentence.

We have examined the other exceptive assignments of error appearing in the record. They fail to disclose any sufficient cause for disturbing the judgment below.

No error.