## STATE v. J. L. ROBINSON.

(Filed 31 January, 1946.)

**1. Homicide § 25—**

Defendant's motion to nonsuit is properly denied when the evidence tends to show an intentional killing with a deadly weapon, since the credibility and sufficiency of the defendant's evidence in mitigation or excuse is for the jury to consider and decide.

**2. Criminal Law § 40—**

Where defendant introduces evidence of good character the State is authorized to introduce evidence of defendant's bad character, but it is reversible error to permit the State by cross-examination or otherwise to offer evidence as to particular acts of misconduct.

APPEAL by defendant from *Dixon, Special Judge,* at March Term, 1945, of MECKLENBURG.

The defendant was indicted for the murder of one Theodore Malpert. At the outset of the trial the solicitor announced he would not ask for a verdict of guilty of murder in the first degree but for a verdict of guilty of murder in the second degree or of manslaughter, as the evidence might warrant.

The State offered evidence tending to show that the defendant shot and killed the deceased in a difficulty in an automobile, and the defendant, testifying in his own behalf, admitted that he shot and killed the deceased and pleaded self-defense.

The jury returned a verdict of guilty of manslaughter, and from judgment of imprisonment predicated on the verdict defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*G. T. Carswell, Harvey Hamilton, Jr., and Fred H. Hasty for the defendant, appellant.*

SCHENCK, J.   In his brief the defendant sets out as exceptive assignments of error the court's refusal of his motion to dismiss the action or for judgment of nonsuit made when the State had produced its evidence and rested its case, and renewed after all the evidence in the case was concluded (G. S., 15-173).

These assignments of error cannot be sustained.   The case could not be dismissed or judgment of nonsuit entered when there was an intentional killing with a deadly weapon as in this case the law implies malice, and it is, at least, murder in the second degree, and the burden then rests

upon the prisoner to satisfy the jury of facts and circumstances in mitigation of or excuse for the homicide, the credibility of the evidence, and its sufficiency to produce this satisfaction being for the jury to consider and decide. *S. v. Johnson,* 184 N. C., 637, 113 S. E., 617; *S. v. Cagle,* 209 N. C., 114, 182 S. E., 697.

But, while this is so, we are of the opinion that the learned judge who presided at the trial committed error in permitting, over objection of the defendant, certain questions to be propounded by the solicitor to the character witnesses of the defendant, as to certain extraneous acts committed by the defendant. The defendant offered one Cupp and others who testified on direct examination that the defendant was a man of good character, whereupon the solicitor, on cross-examination, over objection of defendant, asked said character witnesses, in effect, if they knew the defendant had been convicted for driving a car drunk, and for carrying a concealed weapon, and had been charged with committing an assault on a female, and had been running around with Maude Cubley, and had married another woman right after his wife got killed and she left him on account of Maude Cubley. To all of which the witness Cupp and others replied in the negative. *S. v. Shinn,* 209 N. C., 22, 182 S. E., 721; *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469.

When the defendant availed himself of the right to introduce evidence of his good character, the State was authorized to introduce evidence of the defendant's bad character, but could not by cross-examination, or otherwise, offer evidence as to particular acts of misconduct of the defendant. The rule is just and based upon sound reason. A party charged with crime may be prepared to defend an attack upon his general character, which is a single fact, but he could not have at the trial witnesses to explain the conduct of a lifetime. *S. v. Holly,* 155 N. C., 485, 71 S. E., 450; *Barton v. Morphes,* 13 N. C., 520; *Woodie v. North Wilkesboro,* 159 N. C., 353, 74 S. E., 924.

As the defendant is entitled to a new trial in this action for error in permitting the solicitor, over objection by the defendant, to propound interrogatories to character witnesses of the defendant tending to show extraneous acts by the defendant, we deem it unnecessary to discuss the other assignments of error in the record, since the questions presented thereby are not likely to arise upon another trial of the case.

For the errors indicated there must be a

New trial.