## STATE v. IVAN MILTON GREEN.

(Filed 23 September, 1953.)

**Criminal Law § 40d—**

> While the State is entitled to cross-examine defendant's character witnesses as to particular vices or virtues, it is error to permit the solicitor to cross-examine the character witnesses of defendant as to particular acts of misconduct on the part of defendant, and in this case such repeated and extended cross-examination *is held* prejudicial.

APPEAL by defendant from *Patton, Special Judge,* April Term, 1953, of BUNCOMBE.

Criminal prosecution tried upon an indictment charging the defendant with rape.

The State offered evidence tending to show that the defendant did on the night of 15 November, 1951, make a felonious attack upon the prosecutrix, and did ravish and carnally know her against her will.

Verdict: Guilty of assault with intent to commit rape.

Judgment: Imprisonment in the State's prison for not less than eight years nor more than twelve years.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Monroe M. Redden, Monroe M. Redden, Jr., and I. C. Crawford for the appellant.*

DENNY, J.    The defendant concedes that his assignment of error based on the exceptions to the refusal of the court below to sustain his motion for judgment as of nonsuit, interposed at the close of the State's evidence and renewed at the close of all the evidence, is without merit.

The defendant, however, seriously contends that his assignment of error grounded on his exceptions to the failure of the trial judge to sustain his objections to certain questions propounded by the solicitor on cross-examination of some of the character witnesses for the defendant, entitles him to a new trial.

The defendant offered twenty witnesses, each of whom testified on direct examination that the defendant was a man of good character. Whereupon, the solicitor, on cross-examination, over objection of the defendant, in substance, asked several of these witnesses if they knew anything about the defendant having been charged and tried for being the father of an illegitimate child by Myrtle Edwards; if they knew anything about the defendant having attacked an eleven-year-old child; if

they knew anything about his having been indicted for raising a disturbance in Rock Creek community. Except for one witness who answered "Yes" when asked if he knew anything about the defendant being charged and tried for being the father of an illegitimate child by Myrtle Edwards, the answers to these and many other questions of a similar nature were answered in the negative.

When a defendant introduces evidence of his good character, the State has the right to introduce evidence of his bad character, but it is error to permit the State to cross examine the character witnesses as to particular acts of misconduct on the part of the defendant. Neither is it permissible for the State to introduce evidence of such misconduct. The general rule is that a character witness may be cross-examined as to the general reputation of the defendant as to particular vices or virtues, but not as to specific acts of misconduct. *S. v. Shepherd,* 220 N.C. 377, 17 S.E. 2d 469; *S. v. Church,* 229 N.C. 718, 51 S.E. 2d 345; *S. v. Robinson,* 226 N.C. 95, 36 S.E. 2d 655; *S. v. Lee,* 211 N.C. 326, 190 S.E. 234; *S. v. Shinn,* 209 N.C. 22, 182 S.E. 721; *S. v. Adams,* 193 N.C. 581, 137 S.E. 657; *S. v. Holly,* 155 N.C. 485, 71 S.E. 450.

This assignment of error is well taken and will be sustained.

Since the defendant is entitled to a new trial, we deem it unnecessary to discuss the other assignments of error presented on the record. They may not arise upon another hearing.

For the reasons stated, there must be a

New trial.