STATE v. CLAY IDOL.

(Filed 18 April, 1928.)

**Criminal Law—Evidence—Character Evidence—Admissibility and Effect.**

If a defendant testifies in his own behalf, but offers no evidence as to his character, the State may offer evidence of his bad character, but such evidence should affect only his credibility as a witness. *S. v. Nance, ante,* 47; *S. v. Colson,* 193 N. C., 236.

CRIMINAL ACTION before *MacRae, Special Judge,* at January-February Term, 1928, of GUILFORD.

The defendant was indicted for transporting and possessing intoxicating liquors. The evidence tended to show that the defendant and two companions, to wit, Wharton and Hobson, were transporting whiskey in an automobile. The defendant was convicted and sentenced to the roads for a term of one year. From judgment rendered he appealed, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Allen Adams for defendant.*

PER CURIAM. The defendant testified in his own behalf but offered no testimony as to his good character. The State offered evidence of the bad character of the defendant. Thereupon, the judge charged the jury as follows:

"Now, there is some character evidence introduced. Witnesses testified that the character of Wharton is bad and the character of the defendant is bad, and some testimony as to Hobson's record in the court. The court charges you that you will receive this character testimony and consider it both as substantive evidence, that is, as having weight—in its bearing on whether or not the defendant committed the act with which he is charged, and as evidence relating to the credibility of the witnesses Wharton and the defendant."

The exception to the foregoing charge is sustained.

"If a defendant testifies in his own behalf, but offers no evidence as to his character, the State may offer evidence of his bad character, but such evidence should affect only his credibility as a witness." *S. v. Nance, ante,* 47; *S. v. Colson,* 193 N. C., 236.

Assistant Attorney-General Nash, with his usual candor, confesses error.

New trial.