STATE v. DR. MIKE ROBERSON.

(Filed 6 November, 1929.)

**Criminal Law G c—Where defendant does not offer character evidence, evidence of his bad character affects only his credibility.**

Where a defendant in a criminal action testifies in his own behalf, but offers no evidence as to his character, the State may offer evidence of his bad character, but such evidence affects only his credibility as a witness, and an instruction that such evidence might be taken as substantive evidence of guilt will be held for reversible error.

APPEAL by defendant from *Sinclair, J.,* at February Term, 1929, of DURHAM. New trial.

Criminal action tried upon an indictment charging defendant with the crime of causing an abortion. C. S., 4226.

From judgment on a verdict of guilty, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. P. Reade and R. O. Everett for defendant.*

CONNOR, J. The evidence offered by the State at the trial of this action tended to show that the crime charged in the indictment was committed by the defendant at his office in the city of Durham, on 1 June, 1928. Defendant, as a witness in his own behalf, testified that he was not in his office on that day. His testimony contradicted in every material respect the evidence for the State tending to show that defendant committed the crime. He offered no evidence as to his general character. He relied upon the testimony of his witnesses as tending to corroborate him as a witness in his own behalf.

The State, after defendant had testified as a witness, offered evidence tending to show that the general character of defendant is bad. Defendant offered no evidence to the contrary, either by his own witnesses or upon cross-examination of witnesses for the State. He contended that the jury should find him a credible witness because his testimony was corroborated.

With respect to the evidence as to the character of the defendant, the court instructed the jury as follows:

"Whenever character evidence is offered, however, upon the character of a defendant in a criminal action, the law says that that becomes substantive evidence—when his character is put in issue, as the defendant

has done in this case. So character evidence offered for or against the defendant is substantive evidence, and it is proper for you to consider it as bearing upon the question of his guilt or innocence, upon the theory that a man of bad character would be more apt to commit crimes than a man of good character, or the contrary as the facts may be."

This instruction is not in accord with the well-settled rule with respect to this matter, established and in force in this jurisdiction. The rule is stated by *Brogden, J.,* in *S. v. Nance,* 195 N. C., 47, 141 S. E., 468, as follows:

"If a defendant testified in his own behalf, but offers no evidence as to his character, the State may offer evidence of his bad character, but such evidence should affect only his credibility as a witness."

In *S. v. Colson,* 193 N. C., 236, 136 S. E., 730, it is said by *Stacy, C. J.:* "In all criminal prosecutions, certainly those involving moral turpitude, the defendant may elect to put his character in issue, and thus produce evidence of his good reputation and standing in the community *(S. v. Hice,* 117 N. C., 782); but if this be not done, the State cannot offer evidence of his bad character, unless and until he has been examined as a witness in his own behalf, and even then—the defendant not electing to put his character in issue—the impeaching testimony is permitted to affect only his credibility as a witness and not the question of his guilt or innocence. *Marcom v. Adams,* 122 N. C., 222; *S. v. Traylor,* 121 N. C., 674. Of course, in proper instances, in criminal cases, where the defendant chooses to put his character in issue, the pertinent evidence, pro and con, then becomes substantive proof, and may be considered by the jury as such. *S. v. Morse,* 171 N. C., 777; *S. v. Cloninger,* 149 N. C., 567; *In re McKay,* 183 N. C., 226."

The rule as thus declared has been uniformly enforced by this Court. *S. v. Nance,* 195 N. C., 47, 141 S. E., 468; *S. v. Idol,* 195 N. C., 497, 142 S. E., 588; *S. v. Adams,* 193 N. C., 581, 137 S. E., 657.

In each of the cited cases, new trials were ordered by this Court for error in the failure of the trial judge to observe this rule in his charge to the jury. The learned judge who presided at the trial of this action was evidently inadvertent, while instructing the jury, to the fact, as disclosed by the record, that defendant had offered no evidence as to his character, and therefore had not put his character in issue.

For the error in the instruction defendant is entitled to a

New trial.