STATE v. OTIS TROGDON AND DWIGHT TROGDON.

(Filed 30 December, 1929.)

**Criminal Law G c—Where defendant does not offer character evidence, evidence of his bad character affects only his credibility.**

Where a defendant in a criminal action testifies in his own behalf, but offers no evidence as to his character, the State may offer evidence of his bad character, but such evidence affects only his credibility as a witness, and an instruction that such evidence might be taken as substantive evidence of guilt will be held for reversible error.

CRIMINAL ACTION, before *MacRae, Special Judge,* at April Special Term, 1929, of RANDOLPH.

The defendants were indicted and convicted of secret assault with intent to kill. Each defendant was sentenced to serve a term of twenty years in the State prison.

From the judgment pronounced the defendants appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Hammer & Wilson and Moser & Barnes for defendants.*

PER CURIAM. Neither of the defendants offered evidence as to his good character. The State, however, offered evidence of the bad character of defendants.

The trial judge charged the jury as follows: "The defendants took the stand in their behalf, and you may consider any evidence tending to show their character to be bad as substantive evidence; that is tending to indicate or show that they committed the acts with which they are charged. As to Mr. Myers and Mrs. Myers, testimony showing that

their character is good may be considered by you as affecting their credibility. Because a person's character is proven to be bad it should not always lead the jury to believe that person would swear falsely. The fact that a person's character is proven to be good neither does it follow from such testimony that that person would always speak the truth; but character evidence may be taken and weighed by the jury in connection with the credibility of the witness. And in case of defendants charged with a crime, where the defendants' character has been placed in issue, where the defendants take the stand have placed their character at issue, evidence tending to show that their character is bad is to be received by the jury, not only as relating to their credibility, but as substantive evidence, tending to show whether or not they committed the offense with which they are charged."

The foregoing instruction was erroneous, and the defendants are entitled to a new trial. *S. v. Idol*, 195 N. C., 497, 142 S. E., 588; *S. v. Mike Roberson*, 197 N. C., 657.

New trial.