STATE v. JACKSON HARVEY.

(Filed 15 June, 1938.)

1. **Rape § 8—**

Evidence in this prosecution *held* sufficient to be submitted to the jury on the charge of rape.

2. **Criminal Law § 50—Court may question witnesses to clarify testimony, but must not express opinion on the facts by manner or word.**

The court must not express an opinion on the facts, directly or indirectly, by word or manner, either in the conduct and course of the trial or in the charge, C. S., 564, but exceptions to questions propounded by the court to witnesses in order to obtain a proper understanding and clarification of their testimony, or to bring out some fact overlooked, will not be sustained when it appears that the questions were not unfair and care was used not to influence the jury.

**3. Criminal Law § 53g—**

When the court's statement of the contentions of the State is supported by the testimony, defendant's exception thereto on the ground that the language used unduly emphasized the State's evidence, will not be sustained when the matter was not called to the court's attention in apt time.

**4. Criminal Law § 77c—Regularity will be presumed with record does not affirmatively show to the contrary.**

When the record does not affirmatively show either the absence or presence of defendant's arraignment and plea, the presumption is in favor of regularity, and defendant's objection thereto will not be sustained, certainly when case on appeal contains an affirmative statement by the judge that defendant's plea, in the time-honored form upon arraignment, was duly entered before the trial was begun.

**5. Criminal Law § 53b—**

Exception to the court's ruling, during argument of counsel, that certain witnesses had testified not only in corroboration but also to other facts, *held* without merit, since the record supports the ruling of the court.

APPEAL by defendant from *Phillips, J.,* at December Term, 1937, of FORSYTH. No error.

The defendant was convicted of the capital felony of rape and appeals from judgment imposing sentence of death.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for the State.*

*Jno. D. Slawter and Richmond Rucker for defendant.*

DEVIN, J. The evidence offered at the trial was sufficient to establish all the elements of the crime charged in the bill of indictment, and defendant's motion for judgment as of nonsuit was properly denied.

In the case on appeal defendant assigns as error that the presiding judge during the trial propounded numerous questions, some of them leading, to the prosecuting witness and to another State's witness, and that this examination of the witnesses by the court, after they had been examined and cross-examined by counsel, had the effect of intimating to the jury an opinion on the part of the judge that certain facts material to the case had been sufficiently proven, and the defendant contends that he was prejudiced thereby in the eyes of the jury. However, upon examination of the entire record of the evidence, it is apparent that the questions complained of were asked for the purpose of ascertaining definitely the meaning of the witnesses' testimony in certain particulars, and were not unfair to the defendant and hence afford no just ground upon which to predicate prejudice.

The court recently has had occasion to consider the matter of the effect of questions propounded to a witness by a presiding judge, and attention was called to the fact that the inhibition of the statute against

the expression of an opinion on the facts extends to the intimation of an opinion by interrogation as well as by statement or action. *S. v. Bean,* 211 N. C., 59; *S. v. Winckler,* 210 N. C., 556, 187 S. E., 792; *S. v. Oakley,* 210 N. C., 206, 186 S. E., 244; *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *S. v. Bryant,* 189 N. C., 112, 126 S. E., 107. The statute, forbidding judges in charging the jury from giving an opinion whether a fact has been fully or sufficiently proven, was enacted in 1796, and has remained unchanged to this day. It is now codified as section 564 of the Consolidated Statutes. This statute has reflected the settled policy of the State from the beginning in regard to the conduct of trials, and expresses the jealous care of the people at all times for the impartiality and independence of jury trials and against encroachments upon the exclusive function of the jury to determine issuable facts, uninfluenced even by the presiding judge. This Court has applied this rule to many varying instances of judicial language, whether in the charge to the jury or in comments to or concerning witnesses in the presence and hearing of the jury, beginning with *Reel v. Reel,* 9 N. C., 63, and extending to the latest volume of our reports. *Thompson v. Angel, ante,* 3.

While there are times, in the course of the trial, when the presiding judge, in order to obtain a proper understanding and clarification of what the witness has said or meant to say, or to bring out some fact overlooked, may and should propound competent questions, care should be exercised to prevent by manner or word what may be understood by the jury as the indirect expression of an opinion on the facts.

The defendant also assigns error in a portion of the charge of the court, wherein certain of the State's contentions were stated, and complains that the language used gave undue emphasis to the State's evidence, but the record does not disclose that the court's attention was called to this at the time, and from an examination of the charge it would seem that the statements to which exception was noted were based upon the testimony offered, and that in this respect the defendant has no substantial ground of complaint.

In his brief defendant further assails the judgment on the ground that the record does not affirmatively show defendant's arraignment and plea. However, the record proper does not show, as a matter of fact, the absence of arraignment and plea, and in the judge's preliminary statement to the jury, in his charge, it is made to appear that "the defendant has entered a plea of not guilty to this bill of indictment (which the judge had just read to the jury), and for his trial has placed himself upon God and his country." The record being apparently silent, regularity would ordinarily be presumed, but in addition the case on appeal brought up by the defendant contains the affirmative statement by the judge that the defendant's plea, in the time-honored form upon arraignment, was duly entered before the trial was begun.

The exception noted to the ruling of the court, during the argument to the jury, that certain witnesses had testified not only in corroboration but also to other facts, is without merit. The record of the testimony of the witnesses supports the ruling of the court.

There was competent evidence of the commission by the defendant of the crime charged, sufficient to warrant the submission of the case to the jury. There was no error in the trial. The verdict of the triers of the facts must be upheld, and the judgment affirmed.

No error.