STATE v. J. E. BARNETT.

(Filed 7 November, 1940.)

**Criminal Law § 77b—Record held sufficient, under presumption of regularity, to show that defendant entered plea to indictment.**

Where the record shows that a true bill was found against defendant by the grand jury, that a petit jury was duly sworn and impaneled to "try the issues joined," and that the jury so impaneled found defendant guilty, the record is sufficient under the presumption of regularity to show that defendant entered a plea to the indictment, and defendant's contention that no judgment could have been rendered against him in the court below because it does not appear of record that defendant entered any plea to the indictment cannot be maintained.

STATE *v.* BARNETT.

APPEAL by defendant from *Harris, J.,* at February Special Term, 1940, of FRANKLIN. Affirmed.

The record brought to this Court by defendant shows (1) organization of court; (2) bill of indictment against defendant: "The Jurors for the State, upon their oath, present: that J. E. Barnett, late of the County of Franklin, on the 2nd day of July, 1939, at and in the County aforesaid, did unlawfully, willfully and feloniously assault Jessie Baker with a certain deadly weapon, to wit: a knife, with the felonious intent to kill and murder the said Jessie Baker, to wit: severe cuts about lungs and about the body, against the form of the statute in such case made and provided and against the peace and dignity of the State. W. Y. Bickett, Solicitor. This bill was returned a True Bill."

(3) "And thereafter, to wit; at the term of said Court begun and held for the aforesaid County on the 12th day of February, 1940, before the Honorable W. C. Harris, assigned Judge, duly commissioned by the Governor of the State of North Carolina, the following Jurors were duly chosen, sworn and impaneled to try the issues joined: Troy Wilder, Elmer Mullen, J. S. Dennis, Frank Edwards, J. H. Furguson, P. S. Foster, Maynard G. Baker, Dick Parrish, H. L. Gupton, J. G. Place, O. B. Burrows and Frank Swanson."

(4) Verdict: "After hearing the evidence and charge of the Court, the jury so impaneled returned the following verdict: That the defendant is Guilty of Assault with a Deadly Weapon."

(5) Judgment: "Thereupon the Court entered the following Judgment: It is Ordered by the Court that the defendant be confined in the Jail of Franklin County for a period of 18 months, to be assigned to work under the supervision of the State Highway and Public Works Commission."

(6) Appeal Entries: "The following notice of appeal was entered: To the judgment and verdict in this cause defendant excepts and appeals to the Supreme Court. Appeal bond fixed at $75.00; appearance bond fixed at $500.00. Defendant allowed 40 days to serve and file case on appeal. State allowed 30 days to file countercase or exceptions. Appearance bond given. Appeal Bond in the sum of $75.00 filed. Transcript certified by Clerk Superior Court."

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Kemp P. Yarborough for defendant.*

CLARKSON, J. N. C. Code, 1939 (Michie), sec. 643, is as follows: "The appellant shall cause to be prepared a concise statement of the case, embodying the instructions of the judge as signed by him, if there

be an exception thereto, and the request of the counsel of the parties for instructions if there be any exception on account of the granting or withholding thereof, and stating separately, in articles numbered, the errors alleged. A copy of this statement shall be served on the respondent within fifteen days from the entry of the appeal taken; within ten days after such service the respondent shall return the copy with his approval or specific amendments endorsed or attached; if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time prescribed, it shall be deemed approved: Provided, that the judge trying the case shall have the power, in the exercise of his discretion, to enlarge the time in which to serve statement of case on appeal'and exceptions thereto or counter statement of case." ·

In *Cressler v. Asheville,* 138 N. C., 482 (483-4), it is written: "There is no 'case agreed' on appeal and none 'settled' by the judge, and there being no error upon the face of the record proper the judgment must be affirmed. See numerous cases cited in Clark's Code (3d Ed.), p. 760. Errors occurring during the trial can be presented only by a 'case on appeal.' It is only when the errors are presented by the record proper, as in an appeal from a judgment upon a demurrer, or upon a case agreed, or judgment granting or refusing an injunction to the hearing heard upon the affidavits, that a case on appeal can be dispensed with. *Ibid.,* p. 770. When there is a defect of jurisdiction, or the complaint fails to state a cause of action, that is a defect upon the face of the record proper of which the Court will take notice. *Cummings v. Hoffman,* 113 N. C., 267; *Appomattox Co. v. Buffaloe,* 121 N. C., 37."

In *Dixon v. Osborne,* 201 N. C., 489 (493), citing numerous authorities, is the following: "Plaintiffs contend that there is error in the judgment in this action rendered at May Term, 1931. This contention is presented by their appeal from the judgment. It has been uniformly held by this Court that an appeal is itself an exception to the judgment and to any other matter appearing on the face of the record." *Orange County v. Atkinson,* 207 N. C., 593 (596); *Best v. Garris,* 211 N. C., 305 (308).

The defendant contends that no judgment could be rendered in the court below as it does not appear from the record that the defendant entered any plea to the bill of indictment found against him. We cannot so hold. The record discloses that a true bill was found against defendant: "Did unlawfully, willfully and feloniously assault Jessie Baker, with a certain deadly weapon, to wit: a knife, with the felonious intent to kill and murder the said Jessie Baker."

It further appears that the case was called for trial before the judge and a jury. The record is as follows: "The following Jurors were duly chosen, sworn and impaneled *to try the issues joined.*"

The verdict recites: "After hearing the evidence and charge of the court, the *Jury so impaneled* returned the following verdict: That the defendant is Guilty of Assault with a Deadly Weapon."

The record says in no uncertain language: "The following jurors were duly chosen, sworn and impaneled *to try the issues joined.*" What were the judge and jury doing? It goes without saying that they were *trying defendant on issues joined.* The issues were "Guilty" or "Not Guilty." Under the facts we think the record presumes regularity, and we so hold. *S. v. Harvey,* 214 N. C., 9 (11); 22 C. J., 626.

The judgment of the court below is

Affirmed.