STATE v. MRS. J. E. HENDERSON.

(Filed 20 November, 1940.)

**1. Intoxicating Liquor § 8c—**
   In this prosecution for illegal possession of intoxicating liquor, the admission of testimony that defendant's tavern was a public place where people went to dance and eat *is held* not to constitute prejudicial error.

**2. Criminal Law § 81c—**
   An excerpt from a portion of the judge's statement of the State's contentions will not be held for prejudicial error when it is apparent that considering the charge contextually, defendant was not prejudiced thereby.

APPEAL by defendant from *Sink, J.,* at April Term, 1940, of GASTON. No error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Ernest R. Warren and P. C. Froneberger for defendant.*

DEVIN, J.   The defendant was charged in the bill with the possession of intoxicating liquor for the purpose of sale and with unlawful possession of intoxicating liquor under the statute.   The State's evidence tended to show that defendant operated a tavern or road-house known as "Ma's Tavern"; that the sheriff and his deputies, upon a search of the premises, found 58 pints of whiskey concealed in a trap; that the defendant, who was not present at the time of the search, stated afterwards that "selling a little liquor was the worst thing she ever did."   The defendant offered no evidence.   There was general verdict of guilty.

17—218

The defendant assigns as error the ruling of the trial judge in permitting a witness to testify that defendant's tavern was a public place where people went to dance and eat. This does not afford sufficient ground upon which to predicate prejudicial error.

The defendant's exception to the judge's charge cannot be sustained. The excerpt therefrom, to which exception was noted, was contained in the recitation of the State's contentions, and, considered contextually, was insufficient to justify serious complaint. All other exceptions were abandoned. There was evidence sufficient to support the verdict, and in the trial we find