Criminal prosecution upon an indictment charging the defendants with the murder of one Frank Merritt.
The record states the jury was chosen, sworn and impaneled, but is silent as to the plea except as stated in the charge of the court. His Honor charged the jury: "To this bill of indictment and to these degrees of unlawful homicide, the defendants and each of them pleads not guilty."
Evidence for the State in the trial below tends to show that Ida White and Gladys Minter McKinnon met at a beauty parlor, located in the colored section of Aberdeen and across the street from the home of Cornelia Minter, where Gladys Minter McKinnon lived. A quarrel ensued which resulted in an affray. The fighting took place in the street near the Minter home and several other parties joined therein. As a result of the affray both Ida White and Gladys Minter McKinnon received knife wounds.
Frank Merritt lived next to the Minter home. He and Ida White were sweethearts. He came across the yard and said: "Ida, who cut you?" Ida answered: "Lillian." Merritt took a few steps, and Gladys Minter McKinnon said: "What the hell you want? You want to take it up too?" Merritt answered: "No, I want to get them off of Ida"; and she said: "Shoot the s. o. b."; and Henry Kendrick fired a pistol and Frank Merritt fell on his face and died almost instantly.
Verdict: "That the defendants are guilty of murder in the second degree, with recommendations of mercy of the court."
Judgment: Imprisonment in the State's Prison for a period of eighteen to twenty years.
The defendants appeal, assigning error.
Exceptions Nos. 1 and 8 are directed to the refusal of the court below to grant the defendants' motion for judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence.
The defendants contend there is no evidence that Frank Merritt died as a result of the pistol fired by Henry Kendrick. That no witness testified that the pistol shot caused the death of the deceased. Therefore, the motion for judgment as of nonsuit should have been granted as to both defendants. While the record does not disclose the testimony of any witness to the effect that Frank Merritt came to his death as a result of the pistol shot fired by the defendant Henry Kendrick, it does *Page 163 
disclose, by evidence of witnesses for the State and the defendants, that the deceased was shot with a pistol by the defendant Henry Kendrick, who was aided and abetted by the defendant Gladys Minter McKinnon; that the pistol was fired only a few feet from the deceased; that the deceased fell as soon as the pistol was fired; that his friends and relatives rushed to him and found blood pouring from his mouth and nose; that shortly thereafter he died; that there was only one wound on the body and that only one shot was fired. In addition to this testimony, the county coroner testified he made an examination of the body of the deceased and found a pistol bullet wound in his body two or three inches below the collar bone and about three inches to the right of the center of the chest. That he probed the wound and it ranged downward. "I would say it went through the heart."
Cornelia Minter, a witness for the defendants, testified: "He was killed in the yard. . . . This boy was killed and fell right in front of me, right in front of the steps."
There can be no serious doubt in the light of the testimony on this record, as to the cause of the death of Frank Merritt. S. v. Smith,221 N.C. 278, 20 S.E.2d 313.
Upon a motion for judgment as of nonsuit at the close of the State's evidence and renewed by the defendant after the introduction of his own evidence, all the evidence upon the whole record tending to sustain a conviction will be considered in a light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom.S. v. Brown, 218 N.C. 415, 11 S.E.2d 321; S. v. Hammonds, 216 N.C. 67,3 S.E.2d 439; S. v. Everhardt, 203 N.C. 610, 166 S.E. 738; S.v. Casey, 201 N.C. 185, 159 S.E. 337; S. v. Lawrence, 196 N.C. 562,146 S.E. 395.
The defendants' exception No. 14 is to that portion of his Honor's charge as follows: "And that it becomes your duty to look into and very carefully scrutinize his or her testimony." The defendants contend the use of the word "very" in the above instruction was prejudicial. We do not think so, since his Honor used the following language immediately thereafter: "But the law, being based on common sense and reason, says that after you do that and find that a defendant is telling the truth, then it is your duty to give to his or her evidence the same weight and credibility as you would to that of a disinterested witness." We think the instruction given is not violative of the decisions of this Court. In S. v. Holland,216 N.C. 610, 6 S.E.2d 217, it is said: "Since the adoption of the statute permitting a defendant to testify in his own behalf it has been held that it is not improper, when the defendant has testified in his own behalf, for the presiding judge, in his charge, to instruct the jury that his testimony should be taken `with a grain of allowance'; *Page 164 S. v. Green, 187 N.C. 466, 122 S.E. 178; S. v. Nat, 51 N.C. 114; that his testimony should be received with caution and scrutinized with care; S. v. Williams, 185 N.C. 643, 116 S.E. 517; S. v. Barnhill,186 N.C. 446, 119 S.E. 894; S. v. Byers, 100 N.C. 512, supra; S. v.Lance, 166 N.C. 411, 81 S.E. 1092; `is regarded with suspicion'; S. v.Lee, 121 N.C. 544; S. v. Boon, 82 N.C. 638; S. v. Holloway, 117 N.C. 730. When this is done the court should further instruct the jury, in substance, that after so weighing and considering the testimony of the defendant the jury should give his testimony such weight as it considers it is entitled to, and if the jury believes the witness it should give his testimony the same weight it would give the testimony of any other credible witness. S. v. Holloway, supra; S. v. Collins, 118 N.C. 1203; S. v.McDowell, 129 N.C. 523; S. v. Lee, supra; S. v. Barnhill, supra; S. v.Williams, supra; S. v. Green, supra."
 Clark, C. J., said in S. v. Green, supra: "There is no hard and fast form of expression, or consecrated formula, required, but the jury should be instructed that, as to the testimony of relatives or parties interested in the case and defendants, that the jury should scrutinize their testimony in the light of that fact; but if, after such scrutiny, the jury should believe that the witness has told the truth, they should give him as full credit as if he were disinterested."
The above statement, in substance, was cited with approval in S. v.Holland, supra. We do not think this pronouncement of the Court bearing on the testimony of relatives or parties interested in the case and defendants, was intended to approve undue emphasis by the trial court on the scrutiny or care to be exercised by the jury in considering such evidence. We doubt the wisdom of charging the jury that such testimony should be "regarded with suspicion" or taken "with a grain of allowance." In fact, it is not mandatory on the trial judge to charge the jury in this respect, but, under our decisions, it is permissible to do so and seems to be the uniform practice, but in so doing, we think the better rule or formula would be to limit the charge in this respect to language substantially in accord with that quoted above from the case of S. v.Green. Even under that pronouncement, we must concede that our Court has recognized, and through its decisions approved, a practice which was not contemplated by the statute authorizing defendants in criminal actions to testify in their own behalf if they wish to do so. C. S., 1799. In the case of S. v. Wilcox, 206 N.C. 691, 175 S.E. 122, Justice Brogden, speaking for the Court, said: "The common law regarded the testimony of a defendant in criminal actions as incompetent upon the theory, among others, that the frailty of human nature and the overpowering desire for freedom would ordinarily induce a person charged with crime, if permitted to testify, to swear falsely. It could *Page 165 
not conceive of a person `that sweareth to his own hurt and changeth not.' Psalm 15:4. This idea of excluding the testimony of defendants in criminal actions prevailed in this State until 1881, when the Legislature enacted chapter 110, Public Laws of 1881, now C. S., 1799, Michie's Code. This statute was first construed by the Supreme Court in S. v. Efler,85 N.C. 585. The Court said: `The statute of 1881, ch. 110, sec. 2, provides that in the trial of all indictments against persons charged with the commission of crimes in the several courts of the State, the person charged shall "at his own request, but not otherwise," be a competentwitness, and the question is as to the effect upon the rights of a defendant who sees proper to avail himself of the privilege. In declaring him to be "a competent witness" we understand the statute to mean that he shall occupy the same position with any other witness, be under the same obligation to tell the truth, entitled to the same privileges, receive the same protection, and equally liable to be impeached or discredited. Unless willing to become a witness, he is invested with a presumption of innocence such as the law makes in favor of every person accused of crime, and evidence cannot be offered to impeach his character unless he voluntarily puts it in issue. But by availing himself of the statute he assumes the position of a witness and subjects himself to all the disadvantages of that position, and his credibility is to be weighed and tested as that of any other witness.'" S. v. Jordan, 207 N.C. 460, 177 S.E. 333; S. v. Dee,214 N.C. 509, 199 S.E. 730.
Exception No. 15 is directed to the failure of the court to charge the jury as to the effect of character evidence. The defendants testified in their own behalf, but did not put their character in issue by affirmative evidence thereof. The State, without objection, offered testimony of the bad character of the defendant, Gladys Minter McKinnon. The evidence was admissible for the purpose of attacking the credibility of her testimony.S. v. Roberson, 197 N.C. 657, 150 S.E. 194; S. v. Nance, 195 N.C. 47,141 S.E. 468; S. v. Colson, 193 N.C. 236, 136 S.E. 730. Being thus admissible, no error was committed in not restricting the purpose of the evidence. S. v. Tuttle, 207 N.C. 649, 178 S.E. 76; S. v. McKeithan,203 N.C. 494, 166 S.E. 769; S. v. Steele, 190 N.C. 506, 130 S.E. 308; Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 544, 558.
In the Tuttle case, supra, Schenck, J., says: "Nor was this evidence objectionable because the court did not instruct the jury that it was admitted only for the purpose of corroboration. `. . . Nor will it be ground for exception that evidence competent for some purpose, but not for all purposes, is admitted generally, unless the appellant asks, at the time of its admission, that its purposes be restricted to the use for which it is competent. S. v. Steele, 190 N.C. 506, 130 S.E. 308; Rule 21, *Page 166 
Supreme Court, 200 N.C. 827.' S. v. McKeithan, 203 N.C. 494. The appellant did not ask that the purpose of the evidence be restricted."
The applicable portion of Rule 21, supra, is as follows: "Nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted." The defendants did not ask, at the time of its admission, that the character evidence be restricted to the credibility of the testimony of Gladys Minter McKinnon. This exception cannot be sustained.
Exceptions Nos. 17, 18 and 19 are based upon the refusal of the trial judge to set aside the verdict and grant a new trial. A motion to set aside the verdict and grant a new trial is addressed to the discretion of the court and its refusal to grant such motion is not reviewable on appeal. S.v. Chapman, 221 N.C. 157, 19 S.E.2d 250; S. v. Wagstaff, 219 N.C. 15,12 S.E.2d 657; S. v. Brown, 218 N.C. 415, 11 S.E.2d 321; S.v. Caper, 215 N.C. 670, 2 S.E.2d 864.
Exception No. 9 is directed to that portion of his Honor's charge as follows: "Now, gentlemen of the jury, to this bill of indictment and to these degrees of unlawful homicide, the defendants and each of them pleads not guilty." This exception was taken because the record herein does not show that the defendants entered a plea to the bill of indictment. Therefore the defendants contend the judgment is void, citing S. v.Cunningham, 94 N.C. 824; S. v. Beal, 199 N.C. 278, 154 S.E. 604; andS. v. Rice, 202 N.C. 411, 163 S.E. 112.
We think the facts here, as to the plea, are substantially like the facts presented in the case of S. v. Harvey, 214 N.C. 9, 197 S.E. 620, in which Devin, J., speaking for the Court, said: "In his brief defendant further assails the judgment on the ground that the record does not affirmatively show defendant's arraignment and plea. However, the record proper does not show, as a matter of fact, the absence of arraignment and plea, and in the judge's preliminary statement to the jury, in his charge, it is made to appear that `the defendant has entered a plea of not guilty to this bill of indictment (which the judge had just read to the jury), and for this trial has placed himself upon God and his country.' The record being apparently silent, regularity would ordinarily be presumed, but in addition the case on appeal brought up by the defendant contains the affirmative statement by the judge that the defendant's plea, in the time honored form upon arraignment, was duly entered before the trial was begun."
In the instant case there is no affirmative statement in the record to the effect that the defendants did not enter a plea to the bill of indictment. The record does state the jury was chosen, sworn and impaneled and his Honor did charge the jury to the effect that the defendants and *Page 167 
each of them pleads not guilty to the bill of indictment. We think, in view of the facts presented, the cases of S. v. Harvey, supra, and S. v.Barnett, 218 N.C. 454, 11 S.E.2d 303, are controlling. See also 22 C. J., sec. 408, pp. 626-7, and sec. 450, pp. 701-2.
We have examined the remaining exceptions to the charge and find they cannot be sustained. The charge of the court, which considered contextually, as it should be, is free from prejudicial error. S. v. Utley,ante, 39; S. v. Grass, ante, 31; S. v. Manning, 221 N.C. 70,18 S.E.2d 821; S. v. Shepherd, 220 N.C. 377, 17 S.E.2d 469; S. v.Henderson, 218 N.C. 513, 11 S.E.2d 462; S. v. Smith, 217 N.C. 591,9 S.E.2d 9.
The remaining exceptions are without merit.
In the judgment below, we find
No error.