## STATE v. JOHN WILLIE REDFERN.

### (Filed 10 November, 1943.)

**1. Trial § 29a: Criminal Law § 53a—**

　　Since the charge should be considered contextually, it is not essential that the court charge the jury as to the law in connection with each contention of the parties. The better rule is for the court to give (1) a summary of the evidence; (2) the contention of the parties; and (3) an explanation of the law arising on the facts.

**2. Criminal Law §§ 41f, 53a—**

　　On a trial of an indictment for murder, where the court, in giving one of the State's contentions, said that the jury ought to scrutinize the evidence of the defendant because of his interest in the outcome of the verdict, there is no error, since the court, in explaining the law arising on the facts, gave the correct instructions relative to the weight and credibility to be given the testimony of interested witnesses and parties testifying in their own behalf.

APPEAL by defendant from *Burney, J.,* at May Term, 1943, of WAKE.

Criminal prosecution, tried upon indictment charging defendant with the murder of one Zeb Sturdivant. Verdict: Guilty of murder in the first degree. Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*A. B. Breece and Thomas W. Ruffin for defendant.*

DENNY, J. The defendant's first exception is to the following portion of his Honor's charge: "You will remember what he said about that, and he asked him why did he want to shoot him and he said because he was afraid he would shoot him, so the State says you ought to scrutinize the evidence of the defendant because of his interest in the outcome of your verdict in this case; that you ought to be satisfied and beyond a

reasonable doubt that the defendant is guilty of the crime of murder in the first degree and that you ought to so find."

The defendant contends that in giving one of the contentions of the State, to wit, that the jury ought to scrutinize the evidence of the defendant because of his interest in the outcome of the verdict, the Court committed prejudicial error by omitting to add that after they had scrutinized the evidence of the defendant if they found it worthy of belief it would be their duty to give to the defendant's evidence the same weight and credibility of that of any disinterested witness.

This exception cannot be sustained, since the Court, in connection with the explanation and declaration of the law arising on the facts, gave the correct instruction relative to the weight and credibility to be given the testimony of interested witnesses and parties testifying in their own behalf. On this question his Honor charged: ". . . In determining the weight to be given to the testimony of the witnesses you are authorized and it is your duty to consider the relationship of the witnesses to the party, if any is shown, their interest, if any, in the result of the action, their prejudice or bias, if any exists, and taking into consideration such relationship, interest, bias or prejudice in determining what weight you will give to their testimony, but the court charges you that if, after such consideration you find that such witnesses have testified truthfully it will be your duty to give to the testimony of such witness the same weight and credit that you would give to any disinterested or unbiased witness."

Since the charge should be considered contextually. *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Manning,* 221 N. C., 70, 18 S. E. (2d), 821; *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469; *S. v. Henderson,* 218 N. C., 513, 11 S. E. (2d), 462; *S. v. Smith,* 217 N. C., 591, 9 S. E. (2d), 9, it is not essential that the court should charge the jury as to the law in connection with each contention of the parties. In fact, the better rule or practice is for the court to give (1) a summary or recapitulation of the evidence; (2) a statement of the contentions of the parties; and (3) an explanation and declaration of the law arising on the facts.

We have carefully examined the other exceptions and they cannot be sustained.

In the trial below, we find

No error.