STATE OF NORTH CAROLINA v. BILLY KEITH FOWLER.

(Filed 10 July 1968.)

1. Criminal Law § 91—

A motion for continuance is addressed to the sound discretion of the trial court, and the denial of such a motion will not be disturbed on appeal except upon a showing of abuse of discretion or that defendant has been deprived of a fair trial.

2. Burglary and Unlawful Breakings § 7—

In a prosecution for felonious breaking and entering and larceny, failure of the court to submit the question of defendant's guilt of nonfelonious breaking and entering is not error where the evidence was that defendant and an accomplice entered a building by breaking a lock from a door with a crowbar, that they removed a safe therefrom, and that they broke open the safe and divided the money found therein, there being no evidence to support a verdict of nonfelonious breaking and entering.

3. Criminal Law §§ 86, 117—

An instruction to the effect that the jury should carefully consider and scrutinize the testimony of the defendant and an accomplice, that in passing upon such testimony they should take into consideration the interest such witness has in the results of the case, but that if they find the witness told the truth they should give his testimony the same weight as that of a disinterested and unbiased witness *is held* to be without error.

APPEAL by defendant from *Bailey, J.,* February 1968 Criminal Session of ALAMANCE Superior Court.

At the October 1967 Session of Alamance Superior Court defendant was indicted under a bill of indictment, proper in form, for feloniously breaking and entering on 11 April 1967 the premises of FCX Farm and Garden Supplies, Inc., in Burlington, and for the larceny of a Mosler Safe therefrom. On 20 October 1967 the court appointed H. Clay Hemric, Esq., of the Alamance Bar to represent the defendant in this and in thirty other criminal cases then pending against the defendant in Alamance Superior Court. This case was called for trial on 6 March 1968, at which time defendant's counsel moved for a continuance on the grounds that the Solicitor had not advised him that he intended to try this particular case until 5 March 1968, which was one day preceding the trial date, and that he had not had sufficient time to prepare for trial. The motion for continuance was denied. The defendant was tried upon his plea of not guilty, the jury returned a verdict of guilty as charged, and from active prison sentence thereupon imposed, the defendant appealed.

*T. W. Bruton, Attorney General, by James F. Bullock, Deputy Attorney General, for the State.*
*H. Clay Hemric for defendant appellant.*

PARKER, J. Defendant's first assignment of error is directed to the refusal of the trial court to grant his motion for continuance. Granting or denying a motion for continuance rests in the sound discretion of the trial judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing that the defendant has been deprived of a fair trial; see opinions filed this date by Mallard, C.J., and by Britt, J., in *State v. Fowler,* 1 N.C.App. 546, 162 S.E. 2d 37, and *State v. Fowler,* 1 N.C.App. 552, 162 S.E. 2d 36, two other cases involving this same defendant. As in those cases, the defendant has here failed to show any abuse of discretion on the part of the trial judge or to show that he has been in any way prejudiced in presentation of his defense or been deprived of a fair trial by reason of the trial court's refusal to grant his motion for continuance.

Defendant next assigns as error the trial court's failure to submit to the jury as a possible verdict that they might find the defendant guilty of the lesser offense of non-felonious breaking and entering. While wrongful breaking and entering without intent to commit a felony or other infamous crime is a lesser included offense of the felony of breaking or entering with intent to commit a felony under

G.S. 14-54, there is here absolutely no evidence to support the submission of the lesser offense to the jury. The State submitted the evidence of an accomplice who testified that he and the defendant had driven in an automobile to the FCX Garden Supply in Burlington, that the defendant had there taken a crowbar and broken the lock off of the front door, that the defendant and the witness had then entered the store and removed therefrom a safe which they loaded into the trunk of the automobile, that they had then driven into the country, had unloaded and broken open the safe, divided the money found therein, and had buried the safe in the ground, where it was later found by the police. Defendant's contention that it would be possible for the jury to find from this evidence that he might have formed an intent to participate in the larceny only after entry was made into the building stretches credulity past the breaking point. There was no error in the trial court's refusal to submit to the jury as a possible verdict a finding that defendant was guilty of a non-felonious breaking and entering.

Defendant next assigns as error the following portion of the trial court's charge to the jury dealing with the consideration the jury should give to the testimony of the defendant and to the testimony of the accomplice:

> "Now, Ladies and Gentlemen of the Jury, when you come to consider the evidence and the weight you will give to the testimony of the different witnesses, the Court instructs you it is your duty to carefully consider and scrutinize the testimony of the defendant when he has testified on his own behalf, and also the testimony of those who are closely related to him. You should also carefully consider and scrutinize the testimony of an accomplice. In passing upon the testimony of such witnesses you ought to take into consideration the interest the witness has in the results of the action, but the Court instructs you that the law requiring you to do so does not require you to reject or impeach such evidence."

Immediately following this portion of the charge to which appellant now takes exception, the court added the following instruction:

> "If you believe such witness has sworn to the truth, you will give to their testimony the same weight as you give to the testimony of a disinterested and unbiased witness."

With this additional sentence, the charge fully conforms to the requirements laid down by the Supreme Court. *State v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *State v. Green,* 187 N.C. 466, 122 S.E. 178.

In *State v. Green, supra,* Clark, C.J., speaking for the Court, said:

> "There is no hard and fast form of expression, or consecrated formula, required, but the jury should be instructed that, as to the testimony of relatives or parties interested in the case and defendants, that the jury should scrutinize their testimony in the light of that fact; but if, after such scrutiny, the jury should believe that the witness has told the truth, they should give him as full credit as if he were disinterested."

In the trial, we find
No error.

MALLARD, C.J., and BROCK, J., concur.