STATE *v.* FOWLER.

STATE OF NORTH CAROLINA v. BILLY KEITH FOWLER.

(Filed 10 July 1968.)

Criminal Law—

A motion for a continuance is addressed to the sound discretion of the presiding judge, and the denial of such a motion will not be disturbed on appeal except upon a showing of an abuse of discretion or that defendant has been denied a fair trial.

APPEAL by defendant from *Bowman, S.J.,* January 1968 Criminal Session ALAMANCE Superior Court.

At the October 1967 Session, defendant was indicted under a bill of indictment, proper in form, for feloniously breaking and entering the premises of Superior Furniture Galleries, Inc., and the larceny of certain property therefrom on 1 August 1967.

On 20 October 1967, the court appointed H. Clay Hemric, Esq., of the Alamance Bar to represent the defendant, not only in this case but in thirty-one cases pending. Defendant's counsel consulted with his client immediately after his appointment. The thirty-one cases pending against defendant were calendared for trial at the January 1968 Criminal Session of Alamance Superior Court, which convened on 15 January 1968. When this case was called for trial on 17 January 1968, defendant's counsel moved for a continuance but the motion was denied. A jury found the defendant guilty as charged and from active prison sentence imposed, defendant appealed.

*T. Wade Bruton, Attorney General, by Mrs. Christine Y. Denson, Staff Attorney, for the State.*

*H. Clay Hemric, Esq., Attorney for defendant appellant.*

BRITT, J. Defendant first assigns as error the failure of the trial court to grant his motion for continuance. He contends that although his counsel was appointed on 20 October 1967 to represent him in the thirty-one cases, he did not learn until two days before the trial which of the thirty-one cases pending against him would be tried on the date calendared.

There is no merit in this assignment of error. "Granting or denying a motion for continuance rests in the sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant has been deprived of a fair trial." Bobbitt, J., speaking for the Supreme Court of North Carolina in *State v. Ferebee,* 266 N.C. 606, 146 S.E. 2d 666, and quoting from *State v. Ipock,* 242 N.C. 119, 86 S.E. 2d 798. Defendant has failed to show abuse of discretion or that he has been deprived of a fair trial.

Defendant also assigns as error certain portions of the trial court's charge to the jury. We have carefully considered the charge in its entirety and find that it is without prejudicial error; therefore, defendant's assignments of error relating thereto are overruled.

Although defendant's counsel did not comply with our Rule 19(d)(2), we have carefully reviewed the entire record. Defendant had a fair trial, free from prejudicial error. The judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.