STATE *v.* WILLIAMS

---

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney I. B. Hudson, Jr., for the State.*

*Bryant, Lipton, Bryant & Battle by James B. Maxwell for defendant appellant.*

---

STATE OF NORTH CAROLINA v. ROGER RICKEY WILLIAMS

No. 6926SC213

(Filed 30 April 1969)

**1. Criminal Law § 161— appeal as exception to the judgment**
   An appeal is itself an exception to the judgment and to any other matter appearing on the face of the record.

**2. Criminal Law § 23—— validity of guilty plea — contention that defendant was promised probation**

Defendant, who received active prison sentence upon his plea of guilty to breaking and entering and larceny, is not entitled to a new trial on contention that he was promised by his privately-retained trial counsel he would be placed on probation if he entered the plea of guilty, the certificate of the court in the record showing that defendant's written plea of guilty was freely, understandingly and voluntarily made.

APPEAL by defendant from *Copeland, S.J.,* 2 December 1968 Schedule "C" Session, Criminal Term, Superior Court of MECKLENBURG.

Defendant was charged, under proper bill of indictment, with breaking and entering and larceny. He was represented by privately retained counsel and entered a plea of guilty at the 23 September 1968 Schedule "C" Criminal Session of the Superior Court of Mecklenburg County. Judge Thornburg heard the evidence, continued prayer for judgment, and entered an order requesting the State Department of Corrections to make a pre-sentence diagnostic study of defendant and for that purpose he was committed to the State Department of Correction for 60 days. The diagnostic study was made at Polk Youth Center and defendant was returned to Mecklenburg on 25 November 1968. The defendant was before Judge Copeland for sentencing on 13 December 1968, represented by his counsel. Judge Copeland entered judgment that defendant be imprisoned for not less than three nor more than five years with the recommendation that sentence be served at Polk Youth Center. Letter of defendant dated 18 December 1968 was accepted by the court as notice of appeal. Privately retained counsel requested that he be permitted to withdraw because the basis of appeal was alleged conduct of counsel. The request was granted, and upon defendant's request, counsel was appointed to perfect the appeal and the county was directed to pay costs of original and three copies of the transcript and the costs of mimeographing.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*T. O. Stennett for defendant appellant.*

MORRIS, J.

**[1, 2]** The only assignment of error is the defendant's contention, contained in his letter accepted as notice of appeal, that he was promised by his counsel that if he entered a plea of guilty he would

be placed on probation. The record before us contains no exceptions taken at the time of trial. However, since an appeal is itself an exception to the judgment and to any other matter appearing on the face of the record, *State v. Barnett,* 218 N.C. 454, 11 S.E. 2d 303, we have carefully examined the record and find no error on the face thereof.

**[2]**    The signed plea is a part of the record, and the answers to the questions are clear and unequivocal. The certificate of the court thereon is complete and finds that the plea of guilty by defendant was freely, understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency.

The judgment of the trial court is

Affirmed.

CAMPBELL and BROCK, JJ., concur.