STATE OF NORTH CAROLINA v. BOYCE JAMES SHERRILL

No. 7227SC442

(Filed 2 August 1972)

1. Automobiles § 126— breathalyzer test given within reasonable time after offense committed

   The elapse of seventy minutes between the time defendant was first seen driving his vehicle and the time a breathalyzer test was given him did not constitute such delay as to render the results of the test inadmissible.

2. Automobiles § 126— breathalyzer test properly administered — results admissible

   Results of a breathalyzer test were admissbile against defendant in a prosecution for driving upon the highway while under the influence of intoxicating liquor where the evidence showed that the test was administered according to methods approved by the State Board of Health. G.S. 20-139.1.

3. Criminal Law § 117— instruction on credibility of defendant — no error

   The trial judge did not err in instructing the jury that, should they believe defendant was telling the truth, they should give his testimony the same weight that they would give to testimony of a disinterested, credible witness.

APPEAL by defendant from *Jackson, Judge,* 18 January 1972 Session of Superior Court held in LINCOLN County.

Defendant was convicted of driving a motor vehicle upon the highway while under the influence of intoxicating liquor.

State v. Sherrill

*Attorney General Robert Morgan by Associate Attorney William Lewis Sauls for the State.*

*Max L. Childers and Henry L. Fowler, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first contention is that the court erred in admitting testimony as to the results of a breathalyzer test.

The test was administered within seventy minutes of the time defendant was first observed driving his automobile. Defendant's contention that the results were not admissible by reason of the delay is without merit. *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165.

[2] Defendant next argues that his general objection to the admission of the results of the test should have been sustained for the reason that the evidence failed to show that the test was administered according to methods approved by the State Board of Health as required by G.S. 20-139.1.

The evidence discloses that the officer who administered the test met the requirements of G.S. 20-139.1 (b). At trial, defendant's counsel stated that he raised no question as to the qualifications of the officer. In addition to other details as to the operation of the machine, the officer testified that he " . . . followed the operational check list on the machine as set up by the State Board of Health." Defendant's counsel was not restricted in his extensive cross-examination of the witness as to the manner in which the test was administered. We hold that the requirements of the statute were met and the results of the test were properly admitted. *State v. Powell,* 279 N.C. 608, 184 S.E. 2d 243.

[3] Defendant's next assignment of error relates to the court's instructions as to the weight to be given defendant's testimony. After proper instructions as to the jury's duty to scrutinize defendant's testimony, the jury was instructed " . . . that after you have so scanned and scrutinized his testimony carefully, if you come to the conclusion that he is telling the truth, then you would give his testimony the same weight that you would give to the testimony of a disinterested, credible witness." Defendant's argument that the quoted portion of the charge "casts

the inference that not only is the defendant interested, but also not credible" is without merit. *State v. McKinnon*, 223 N.C. 160, 164, 25 S.E. 2d 606. Defendant's third assignment of error is without merit and does not require a discussion.

No error.

Judges PARKER and GRAHAM concur.