State v. Lewis

---

STATE OF NORTH CAROLINA v. OTIS LEE LEWIS

No. 7226SC833

(Filed 20 December 1972)

Criminal Law § 156— certiorari — absence of assignments of error — review of record

On *certiorari* the record proper will be examined for error of law appearing thereon notwithstanding the absence of exceptions and assignments of error.

ON *certiorari* to review the order of *McLean, Judge,* 29 May 1972 Criminal Session of MECKLENBURG Superior Court.

Defendant was tried on a valid indictment charging him with felonious breaking or entering, larceny and receiving. Upon his plea of not guilty, trial was conducted before a jury, which found defendant guilty of nonfelonious breaking or entering, in violation of G.S. 14-54(b). Defendant was sentenced to imprisonment for a term of two years.

The State's evidence tended to show that on the night of 14 September 1970, Mr. P. B. Owens, the proprietor of a Midas Muffler Shop in Charlotte, North Carolina, locked the shop and left about 8:00 p.m. In response to a call from a Charlotte policeman he returned to the shop at about 1:30 a.m., 15 September 1970, and saw that the lights were on inside the building, and that the lock on the back door was broken. Some change that had been under the cash register was missing.

Mr. Owens did not know the defendant, had never seen him before that night, and did not give him permission to enter the shop.

Officer J. M. Bryant of the Charlotte Police Department testified that on the night of 14-15 September 1970 he saw a

car parked behind the Muffler Shop. The rear door of the shop was open, and the inside lights were burning. Upon investigation, Officer Bryant found the defendant inside the building in the rest room; no other person was observed in the building. Defendant had in his possession some change and currency. Deposit envelopes containing money of the Muffler Shop were found in a paper towel rack in the rest room.

The defendant's evidence tended to show that defendant had gone to the Muffler Shop on the night of 14-15 September 1970 with one Walter Jackson, who had told defendant that he (Jackson) had a job cleaning the building. Jackson went into the building; defendant waited about forty minutes outside in the car, after which time defendant went into the building to find Jackson.

Jackson said he had to make a bank deposit, and went to the front of the building. At that time the police arrived and "accosted" defendant. Defendant testified that he had been cooperating with the police in their attempt to apprehend Walter Jackson.

*Attorney General Robert Morgan, by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Arthur Goodman, Jr., for defendant appellant.*

CAMPBELL, Judge.

The record contains no exceptions or assignments of error; defendant concedes in his brief that he can find no error in the trial. On certiorari the record proper will be examined for error of law appearing thereon notwithstanding the absence of exceptions and assignments of error. *Furniture Co. v. Herman,* 258 N.C. 733, 129 S.E. 2d 471 (1963).

Having conducted a search of the face of the record proper, we are unable to discover error in the conduct of the trial.

The indictment charging felonious breaking or entering is proper in form. *State v. Sellers,* 273 N.C. 641, 161 S.E. 2d 15 (1968). Nonfelonious breaking or entering (without intent to commit a felony) is a lesser included offense of the felony of breaking or entering with intent to commit a felony under G.S. 14-54(a). *State v. Fowler,* 1 N.C. App. 549, 162 S.E. 2d 39 (1968).

Punishment upon conviction of the offense prohibited by G.S. 14-54(b) is authorized by G.S. 14-3(a); fine, or imprisonment for a term not exceeding two years, or both.

No error.

Judges MORRIS and PARKER concur.