Thomas Hugh **MALONE**,
Plaintiff-Appellant,

v.

**DEPARTMENT OF REVENUE, STATE OF COLORADO, MOTOR VEHICLE DIVISION, and Hearing Officer, G. Meyer, Defendants-Appellees.**

No. 84CA0956.

Colorado Court of Appeals,
Div. I.

Aug. 29, 1985.

Alan J. Pomeranz, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees.

ENOCH, Chief Judge.

Plaintiff, Thomas H. Malone, appeals from a trial court judgment which affirmed the Motor Vehicle Division's revocation of his driver's license under § 42–2–122.-1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17). We affirm.

We do not agree with plaintiff's contention that the lack of a Department of Health operational checklist resulted in an insufficient demonstration by the Division of the accuracy of the testing device and that this violated his due process rights.

When there is evidence that a breath testing device is operated by one certified to use it and that the test is administered in accordance with division of health regulations, a *prima facie* case for the introduction of breath test results is established. *Aultman v. Motor Vehicle Division*, 706 P.2d 5 (Colo.App.1985). Although, here, the operational checklist was for some unexplained reason not in the Department's file, the arresting officer testified that he was certified to operate an intoxilyzer, that he had prepared and followed an operational checklist, and that the checklist and the readings on the test card showed that the intoxilyzer was working properly on the evening that plaintiff was tested.

We hold that this testimony is sufficient to support the hearing officer's decision, even in the absence of the operational checklist.

We find no merit in plaintiff's other contentions.

Judgment affirmed.

KELLY and STERNBERG, JJ., concur.