## STATE OF FLORIDA v NORDER

### Case No. 56642/3/4-PL

County Court, Volusia County

February 2, 1988

#### APPEARANCES OF COUNSEL

**Lawrence J. Nixon** for plaintiff.

**Frederick S. Jaeger, Jr.** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE having come before the Court on January 12, 1988 on Defendant's Motion to Suppress and the Court having heard testimony therein, finds as follows:

The fact in the instant case show that the defendant was arrested on

■

June 27, 1987 by South Daytona Police Officer R. Rademacher for Driving Under the Influence of Alcoholic Beverages. A chemical test was conducted by Port Orange Sergeant Mike Sanders. The test was conducted on an Intoxilyzer Model 5000. The operational checklist was located in the chemical test paperwork transaction from Port Orange back to South Daytona. While Sergeant Sanders testified he has no independent recollection of completing the checklist he did testify it was standard operating procedure to fill out the form on every test. The specific issue with which this Court deals is whether the introduction of the operational checklist into evidence at trial is a prerequisite to introduction of the chemical test results.

HRS Rule 10D-24(13) provides the following operational and maintenance procedures for Federal Signal's Intoxilyzer—Model 5000:

(a) Operational Procedures.

NOTE: Instrument programmed to automatically display Model Number, Serial Number, and Time, when heated up to operate.

1. Display flashing message, "Push Start Test Button"—Do as flashing display instructs—PUSH START TEST BUTTON.

2. Display flashing message, "Insert Card"—INSERT EVIDENCE CARD.

3. Automatically runs "Air Blank".

4. Display flashing message, "Blow Sample". Connect mouthpiece and have subject blow into mouthpiece until the tone stops.

5. Subject Test—Display gives alcohol reading.

6. Automatically runs "Air Blank".

7. Display flashing message. "Blow Sample". For a second test, have subject repeat step number 4.

8. Automatically runs "Air Blank".

9. Test Complete—ATTACH PRINTOUT to checklist.

(b) Maintenance Procedures—Preventive maintenance shall be performed in accordance with procedures outlined in HRS Form 1514, Sep 82, "Breath Alcohol Instrument Check List—Preventive Maintenance Procedures", which is incorporated by reference.

The only reference to an operational checklist is found in HRS rule 10D-42.24(13)(a)9. This Court would note that only three machines out of twelve approved chemical breath testing instruments and devices use the term "checklist" in their operational procedures.

There appears to be a dearth of authority in Florida dealing with the issue herein. It would appear that the operational checklist is an aid to the chemical test operator to assist him/her in making certain that each operational procedure is carried out. Specific testimony as to compliance with the operational procedures or testimony as to habit would seem to be logically admissible absent the operational checklist.

The Court in *Malone v. Dept. of Revenue,* 707 P.2d 363 (Col. Ct. App. 1985) was also faced with the unexplained absence of the intoxilyzer operational checklist. The defendant raised evidentiary predicate and due process issues. The Court found a proper revocation of defendant's drivers license and no violation of defendant's due process rights based on the arresting officer's testimony that he was certified to operate the intoxilyzer, that he prepare and followed the operational checklist, and that the readings on the test card showed that the intoxilyzer was working properly.

This Court adopts the rationale of *Malone* and finds that the chemical test result in the instant case is admissible absent the operational checklist if testimony shows that the intoxilyzer was operated pursuant to operational procedures contained in HRS Rule 10D-42.24(13)(a). See *State v. Sherrill,* 190 S.E. 2d 405 (N.C. Ct. App. 1972). THEREFORE, it is considered:

ORDERED and ADJUDGED that Defendant's Motion to Suppress is denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 2nd day of February, 1988.