STATE OF NORTH CAROLINA v. JOHN HENRY JONES.

(Filed 25 May, 1966.)

APPEAL by defendant from *McLean, J.*, January 4, 1966, Regular Schedule A Criminal Session of MECKLENBURG.

Defendant, together with one James Clarence Hallman, was tried upon a bill of indictment charging (1) that on October 28, 1965, with the intent to commit a felony therein, he did break and enter the building of Lucenda Blackmon wherein she conducted a restaurant known as Chick-N-Ribs; and (2) that on the same day he did unlawfully steal and carry away from the premises of Lucenda Blackmon 10 cases of beer valued at $38.00.

The State's evidence tended to show: Jones was the cook at the Chick-N-Ribs; Hallman was the delivery boy. When the restaurant closed at 1:30 a.m., they remained in the parking lot. Shortly after 2:00 a.m., a taxi driver observed Jones and Hallman inside the restaurant. He notified the police who arrived just as the two left in a station wagon. A kitchen window and the door to the storage room, wherein beer and other items for sale were kept, had been broken. Several cases of beer valued at $57.45 were missing. When Jones and Hallman were apprehended in the station wagon approximately one and one-half hours later, Jones had been drinking and Hallman was drunk. No beer, however, was found in the vehicle. Each defendant, testifying in his own behalf, denied that he had broken into the restaurant. Defendant Jones, on cross-examination, admitted previous convictions of robbery, forgery, breaking and entering, resisting arrest, carrying a concealed weapon, and violations of the automobile laws.

The jury acquitted defendants on the second count and convicted them of the felony charged in the first count. From a judgment of imprisonment, defendant Jones appeals.

*T. W. Bruton, Attorney General and Millard R. Rich, Jr., Assistant Attorney General for the State.*
*Francis O. Clarkson, Jr., for defendant appellant.*

PER CURIAM.  Upon the first count the judge instructed the jury that it might return one of three verdicts: Guilty of felonious breaking and entering, guilty of nonfelonious breaking and entering, or not guilty. He correctly defined the two grades of the offense of breaking and entering as set out in G.S. 14-54, and he fully explained the difference between the felony and the misdemeanor. Early in the charge, his Honor twice referred to nonfelonious breaking and entering as "nonburglarious breaking and entering," and defendant assigns this misnomer as error. Conceding that the judge inadvertently applied the wrong label to a breaking and entering done without intent to steal property from the building, yet he properly applied the law to the evidence in the case. It is inconceivable to us that this technical error could have affected the verdict. In the final judicial mandate, and several times preceding it, the court used the correct terminology, *nonfelonious breaking and entering.* Furthermore, all the evidence tended to show that the breaking and entering in question was done with the intent to commit the crime of larceny, and there was no evidence from which the jury could have found that the lesser crime of nonfelonious breaking and entering had been committed. Thus, in instructing the jury that it could return a verdict of nonfelonious breaking and entering, his Honor committed error in favor of the defendant. *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27.

In the trial, we find
No error.

MOORE, J., not sitting.