### STATE OF NORTH CAROLINA v. JOSEPH JOHNSON.

(Filed 21 February, 1968.)

**1. Criminal Law § 104—**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State.

**2. Burglary and Unlawful Breakings § 5—**

Evidence of the State tending to show that the owner of a store inventoried his goods on the day of the offense, that when he left the store in the afternoon the doors were locked and boarded, that the defendant was found inside the store by an officer later that night, that the bottom part of a door had been kicked in, and that merchandise of a value of $500 had been taken from the premises, *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of felonious breaking and entering. G.S. 14-54.

**3. Burglary and Unlawful Breakings § 2—**

Nonfelonious breaking and entering is a lesser included offense of the felony of breaking and entering with intent to commit a felony. G.S. 14-54.

**4. Burglary and Unlawful Breakings § 6—**

Where all the evidence tended to show that defendant was apprehended inside a store, that the bottom portion of a door to the store had been kicked out, and that approximately $500 in merchandise was stolen from the premises, there was no error in the court's failure to submit the question of defendant's guilt of the lesser crime of nonfelonious breaking or entering.

APPEAL by defendant from *Armstrong, J.,* November 1967 Regular Session of the Superior Court of FORSYTH County.

This is a criminal prosecution on a written information signed by the solicitor correctly charging the defendant in the first count with the felony of breaking and entering with intent to commit the crime of larceny, in violation of G.S. 14-54, and in the second count

with the crime of larceny. Defendant and his counsel signed a waiver of the finding by a Grand Jury of a bill of indictment and pleaded not guilty to the charges contained in the written information.

Trial was by jury on the written information. At the close of the State's evidence Judge Armstrong, upon motion, dismissed the larceny charge. The jury returned a verdict of guilty of the felony as charged in the first count.

From a judgment of imprisonment of not less than seven nor more than ten years, defendant appeals to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard, for the State.*

*Booe, Mitchell & Goodson by William S. Mitchell, Attorneys for the defendant.*

MALLARD, C.J.   Defendant, an indigent person, was represented at the trial in the Superior Court, and in this Court, by William S. Mitchell, his court-appointed attorney. Judge Armstrong ordered Forsyth County to pay for the transcript of the record of the trial and the cost of having the defendant's brief mimeographed.

Defendant assigns as error the failure to allow his motion for judgment of compulsory nonsuit made at the close of the evidence.

C. A. West testified: That he was an officer with the Winston-Salem Police Department and was on duty on the nights of November 2, 3, and 4, 1967. That on November 4, 1967, at about 8:30 p.m. he was patrolling the area around Tenth and Cleveland in Winston-Salem. He received a call and went to Shore's Shop Rite Grocery at the corner of Tenth and Cleveland and found somebody in the building. When he arrived he saw two children about eight or nine years old running from the building. He noticed that the door on the northwest corner of the building had an opening near the bottom. This opening in the door was about three feet high and eighteen inches wide, and it appeared to him that the bottom part of the door had been kicked in. He entered through this opening in the door and saw a man standing on the inside and told him to stand where he was. The man did not stand where he was but ran into the back part of the store. There were no lights on in the building, and West was using his flashlight. After he entered the store, he looked all over the store and in the northeast corner of the building he found the defendant under a foam rubber mattress with his head sticking out. He personally searched the store and found no one else inside the building. The defendant was searched, and he had in his pocket a ten cent Danish pastry or cake (which was received in evidence as

STATE *v.* JOHNSON.

State's Exhibit No. 1). There was merchandise in the store at that time.

Thad W. Shore, a witness for the State, testified: That he is the owner and operator of the business at Tenth and Cleveland known as Shore's Shop Rite. The store had been entered and damaged on the evening of November 2, 1967. On Friday, November 3, he cleaned up the store and tried to ascertain how much merchandise had been stolen and damaged. He secured the doors of the building by nailing boards and other doors over the openings that had been made on November 2 to the front door and the stockroom door. On Saturday, November 4, 1967, he inventoried the stock of goods and left the building around 4:00 p.m. The condition of the building when he left was not as good as it was before the damage on November 2 because he had nailed boards over the damaged doors. He returned Saturday night after being called by the officer and found the boards that he had nailed over the openings in the door on Friday morning knocked off. When he left his place of business on Saturday afternoon, it was locked and the doors were boarded up and secure. The doors to his store were in a different condition when he returned that night than they were at 4:00 p.m. when he left. The boards over one of the doors had been knocked off, the store had been entered, and quite a bit of merchandise had been stolen. Among the merchandise stolen from him were several cases of wine, some beer, and several cases of dry salt fish. He had in his store on that date, cakes similar to State's Exhibit No. 1, but there were no markings on the cake that was introduced into evidence as State's Exhibit No. 1 by which he could identify it as coming from his store. Approximately $500 damage was done to his property from the loss of merchandise and the breaking in on November 4. That no one person could have carried all of the merchandise that was missing from his place of business on this date at one time.

R. T. Masten, a witness for the State, testified: That he was with Officer West on this occasion, and he saw a young boy, who appeared to be about ten or twelve years old, running from the store. After Masten called to him, the young boy dropped a box of crackers and ran around the corner of the building. Masten looked inside the building and saw a man that he later identified as the defendant. He saw the hole in the door and was there when Mr. West brought the defendant to this door and he, Mr. Masten, took hold of the defendant, pulled the defendant through the hole in the door, and stood him up.

The evidence of the State, when considered in the light most favorable to the State as we must do, 2 Strong, N. C. Index 2d, Crim-

inal Law, § 104, would permit but not compel the jury to find the following facts:

That Thad W. Shore owned and operated a place of business known as the Shop Rite Grocery at Tenth and Cleveland Avenue in Winston-Salem on November 4, 1967. On this date the building was unlawfully entered and several cases of wine, several cases of dry salt fish, and other merchandise of some bulk and volume, of the value of around $500, had been stolen. That Mr. Shore's place of business was unlawfully and feloniously entered by the defendant between the hours of 4:00 p.m. and 8:30 p.m. on Saturday, November 4, 1967, with the felonious intent to steal merchandise owned by Mr. Shore and situate therein.

The defendant, Joseph Johnson, a witness for himself, testified: He was not inside the Shore's Shop Rite Store on the night of November 4, 1967, or any other night. He was arrested on the night of November 4 at about 8:30 p.m. near this store, but not in it. On this night he had been with Willie Brown but left Willie at Mary Lou Gentry's house. Then he went over on Ninth and Ivy and got as far as Russell's Funeral Home when he noticed that it was getting late and remembered that the curfew was at ten or ten thirty p.m. He thereupon turned around and as he came up the sidewalk near the store, an officer told him to put his hands up over his head. He told the officer that he had not done anything, and the officer told him to shut up. The officer searched him and made him put his hands behind his back. The officers put the defendant and three other male persons in the paddy wagon, carried him to the police station, and took fingerprints. He was not arrested inside of the store; he did not go into that store that night. It was dark out around the store that night, and there was a little light inside. He got the bun that he had that night from Willie at about 5:30 p.m. while he and Willie were inside the Center Theatre. He wasn't in the store under a mattress. He didn't see any little boys running from the store or anyone else coming from the store. That in 1959 in the Superior Court of Forsyth County, he pleaded guilty to two charges of store breaking and larceny, and in 1960 he pleaded guilty to robbery.

Willie Wesley Brown, a witness for the defendant, testified: That he knew Joseph Johnson and saw him on the afternoon of November 4, 1967, at the Center Theatre and talked to him there in the theatre giving him a bun, a cinnamon bun. It was a bun like the one offered as State's Exhibit No. 1. That he, Brown, left the defendant at Mary Lou Gentry's house at approximately 7:00 or 7:30 p.m.

Defendant's evidence would permit but not compel the jury to find that:

Defendant was arrested on the street near Shore's Shop Rite Store on November 4, 1967, as he was walking towards his home from Russell's Funeral Home. He was going home in order to get there before a ten thirty p.m. curfew. (The record is silent as to why the curfew had been imposed.) Defendant was not in and had not been in Shore's place of business on that occasion, and he was not apprehended in Shore's place of business. Defendant had been given the bun or cookie by Willie Brown while they were together in the Center Theatre. Defendant did not break or enter the store of Mr. Shore on this occasion. The defendant did not enter the place of business of Mr. Shore at any time on November 4, 1967, and he had no intent to steal from Mr. Shore, and that he was not guilty of the crime with which he was charged.

Defendant's motion for judgment as of nonsuit was properly overruled. The circumstances in this case make it a question for the jury. State v. Emory Joseph Roux, 266 N.C. 555, 146 S.E. 2d 654; State v. Williams, 269 N.C. 376, 152 S.E. 2d 478. Also, for the rule as to circumstantial evidence see State v. Stephens, 244 N.C. 380, 93 S.E. 2d 431; State v. Bell, 270 N.C. 25, 153 S.E. 2d 741.

Defendant also assigns as error the failure of the judge to instruct the jury that they might find the defendant guilty of the lesser offense of nonfelonious breaking or entering. Each of the defendant's assignments of error, numbers two, three, four and five, present this question in a different manner but are so interrelated that they may be treated as one.

The misdemeanor of nonfelonious breaking and entering, if there is evidence to support it, is a lesser included offense of the felony of breaking and entering with intent to commit a felony as described in G.S. 14-54. State v. Worthey, 270 N.C. 444, 154 S.E. 2d 515.

According to the police officer, the defendant was apprehended in the building. Defendant denied he was in the building. The defendant, by his evidence, does not contradict the State's evidence that Mr. Shore's building was entered by someone with the intent to steal therefrom. All the evidence tends to show that the breaking or entering of Mr. Shore's building on November 4, 1967, was done with the intent to commit the crime of larceny of merchandise therein, and larceny under such circumstances is a felony. G.S. 14-72. The evidence shows that approximately $500 of the merchandise belonging to Mr. Shore was stolen from this building on this date, and included in the merchandise in the building were buns or cookies such as the one the defendant had on his person when apprehended. This distinguishes this case from State v. Jones, 264 N.C. 134, 141 S.E. 2d 27, in which there was no evidence of any property having been

stolen. No one else but the defendant was in the building, and when the officers approached, he attempted to hide. There was no evidence of a nonfelonious breaking or entry. There was no evidence from which the jury could have found that the lesser crime of nonfelonious breaking or entering had been committed. *State v. Jones,* 267 N.C. 434, 148 S.E. 2d 236.

A careful reading of the charge reveals that Judge Armstrong fully, adequately and correctly charged the jury in this case.

In the trial, we find

No error.

BROCK and BRITT, JJ., concur.