STATE OF NORTH CAROLINA v. BILLY KEITH FOWLER.

(Filed 10 July 1968.)

**1. Criminal Law § 91—**

The inclusion of a case on a trial calendar filed by the solicitor in accordance with G.S. 7-73.1 constitutes notice to defendant and his counsel that the case is set for trial.

**2. Same—**

Continuances are not favored and ought not to be granted unless the reasons therefor are fully established, and therefore a motion for continuance should be supported by an affidavit showing sufficient grounds.

**3. Same— No abuse of discretion found in denial of continuance.**

Where counsel was appointed to represent defendant in 31 cases pending against him 130 days before the instant case was called for trial, 30 of the cases having been calendared for trial on that date, and defendant's counsel having discussed with the solicitor which cases he proposed to try, the denial of defendant's motion for a continuance *is held* proper, the inclusion of the case on the trial calendar constituting notice to defendant and his counsel that the case was set for trial, and there being no showing by defendant why his counsel did not have time to prepare and present his defense in the time after his appointment or that he had witnesses who were unavailable when the case was called for trial.

**4. Burglary and Unlawful Breakings § 2—**

The misdemeanor of nonfelonious breaking or entering is a lesser included offense of the felony of breaking or entering with intent to commit a felony as described in G.S. 14-54.

**5. Burglary and Unlawful Breakings § 7—**

In a prosecution for felonious breaking and entering and for larceny, failure of the court to submit the question of defendant's guilt of nonfelonious breaking or entering is not error where the evidence tends to show that the building was entered by breaking a glass window and that tires and a station wagon were stolen therefrom, there being no evidence of a nonfelonious breaking or entering.

**6. Burglary and Unlawful Breakings § 6—**

In a prosecution for felonious breaking and entering and for larceny, an instruction that the jury "might note that this offense is linked with the crime of burglary in which the technical break in may be effected by the lifting of a latch or the turning of a knob, the building being otherwise closed," *is held* not erroneous, the offense of breaking and entering defined in G.S. 14-54 being a less degree of the offense of first degree burglary.

APPEAL by defendant from *Bailey, J.,* February 1968 Criminal Session of ALAMANCE County Superior Court.

Criminal prosecution upon an indictment containing two counts charging defendant with the felonies of breaking and entering and larceny on 27 July 1967 at Madden's Esso Station in Alamance County.

Trial of the defendant, upon his plea of not guilty, was by jury. The verdict was guilty as charged. The Court imposed judgment of imprisonment for ten years on the charge of breaking and entering and imprisonment for ten years on the charge of larceny. The sentence on the larceny charge is to begin at the expiration of the sentence imposed on the charge of breaking and entering. The defendant gave notice of appeal to the Court of Appeals.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*
*H. Clay Hemric for the defendant.*

MALLARD, C.J.  Defendant at the 16 October 1967 Session of the Superior Court of Alamance County had thirty-one cases calendared. In fifteen of them the defendant was charged with breaking and entering and larceny, in nine he was charged with breaking and entering, in three he was charged with larceny of truck, in three he was charged with "safe burglary," and in one he was charged with "safe breaking."

On 20 October 1967 H. Clay Hemric was appointed counsel for the defendant in each of the thirty-one cases. Shortly thereafter, information was obtained by Mr. Hemric from the defendant relative to all of the various charges made against him. During the week of 23 October 1967 defendant's counsel conferred with the solicitor about the preparation of the cases for trial by defendant's counsel. Prior to, and again upon the convening of the criminal session of Court beginning 26 February 1968, defendant's counsel talked with the solicitor about which case or cases he proposed to try. There were thirty cases against the defendant on the trial calendar for Wednesday, 28 February 1968. Defendant's counsel contends he was not advised that this particular case would be tried until 28 February 1968 at which time he made a motion to continue it, and the trial court continued it until 9:30 a.m. on 29 February 1968.

The defendant as his first assignment of error contends that the defendant did not have sufficient time to prepare and present his defense.

G.S. 7-73.1 requires the solicitor to file a trial calendar with the Clerk of Superior Court at least one week before the beginning of any session of court, *and this calendar shall contain the cases he intends to call.* This case was on the calendar for trial on Wednesday, 28 February 1968. The defendant does not contend that the solicitor did not make and file this calendar as required. The fact that it was on the calendar was notice to defendant and his counsel that it was set for trial.

"Continuances are not favored and ought not to be granted unless the reasons therefor are fully established, and therefore a motion for a continuance should be supported by an affidavit showing sufficient grounds. . . ." 2 Strong, N. C. Index 2d, Criminal Law, § 91, p. 621.

Defendant does not in his brief assert that he had witnesses that were unavailable. Defendant's counsel does not now assert specifically why he did not, if in fact he did not, have time to prepare and present his defense in the 130 days or more after his appointment.

In making the motion for continuance, Mr. Hemric simply said to the Court, "The first motion is for continuance." He did not give any reason for his motion. He did not tell the judge that he had not had time to prepare or present the defendant's defense. The first time this is asserted is in the brief filed in this Court. In fact, in the stenographic transcript the defendant did not except to the ruling of Judge Bailey denying his motion to continue, and the first time such exception appears is in that part of the record on appeal entitled, "Statement of Case on Appeal," which appears to be an introductory paragraph and not a record of the proceedings.

There is nothing in this record to show that there was an abuse of discretion by the judge or that by failing to continue the case, the defendant was deprived of a fair trial. *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617; *State v. Stinson,* 267 N.C. 661, 148 S.E. 2d 593. The trial judge's ruling on the motion for continuance will not be disturbed.

Defendant contends in his assignments of error numbered two and four that the trial judge committed error in failing to instruct the jury that they might find the defendant guilty of the lesser offense of nonfelonious breaking or entering. The misdemeanor of nonfelonious breaking or entering, *if there is evidence to support it,* is a lesser included offense of the felony of breaking or entering with intent to commit a felony as described in G.S. 14-54. *State v. Worthey,* 270 N.C. 444, 154 S.E. 2d 515. In this case the evidence tends to show that the door to the building was locked by the operator of the business. Entry was made by breaking a glass window; property was stolen therefrom. Two accomplices testified that one of the accomplices broke the glass window, and he and the defendant entered the building and stole some tires and a 1955 Chevrolet station wagon which were situated therein. In this record there is no evidence of a nonfelonious breaking or entry, and it was not error to fail to so charge. *State v. Jones,* 267 N.C. 434, 148 S.E. 2d 236; *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27.

Defendant contends that the trial judge committed error in charg-

ing the jury, "You might note that this offense is linked with the crime of burglary in which the technical break in may be effected by the lifting of a latch or the turning of a knob, the building being otherwise closed . . ." Defendant does not cite any authority in support of this contention. He asserts that linking the crime with burglary was error. This contention is without merit. In *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591, the Supreme Court said, "The statutory offense set forth in G.S. 14-54 is a less degree of the offense of burglary in the first degree set forth in the indictment and as defined in G.S. 14-51."

Defendant's fifth and last assignment of error is to "signing the judgment as set forth in the record." This assignment of error is also without merit.

In the trial, we find
No error.

BROCK and PARKER, JJ., concur.