***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Holmes.
 ***********
Based upon the competent and credible evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT *Page 2 
1. Plaintiff Adolph Holmes, a prison inmate incarcerated in the custody and control of Defendant, North Carolina Department of Correction, initiated this civil action on December 11, 2009, by filing a Tort Claims Affidavit alleging medical malpractice by the medical staff at Johnston County Correctional Institution. Plaintiff also alleged that these same employees were negligent in withdrawing funds from his trust account for sick calls for which Plaintiff was not seen.
2. On December 17, 2008, Plaintiff was seen in sick call for complaints of stomach irritation. He was charged for that visit in accordance with D.O.C. policy.
2. On December 22, 2008, Plaintiff was seen in sick call and in accordance with D.O.C. policy was not charged because this appointment was a follow-up from a previous sick call.
3. On December 24, 2008, Plaintiff declared an emergency medical sick call for a nosebleed. He was charged for that visit in accordance with D.O.C. policy.
4. On February 23, 2009, Plaintiff was seen in sick call for complaints of blacking out and nose bleeds along with a request for medication renewals. He was charged for that visit in accordance with D.O.C. policy.
5. On February 25, 2009, Plaintiff was seen in sick call, but was not charged for the visit per D.O.C. policy.
6. On March 4, 2009, Plaintiff was seen in sick call for complaints of calluses and ear pain. He was charged for that visit in accordance with D.O.C. policy.
7. On March 8, 2009, Plaintiff was seen in sick call for Dr. 2 Shoes and hearing problems. Plaintiff was not charged for that visit. *Page 3 
8. On March 13, 2009, Plaintiff was seen in sick call for complaints of back pain. He was charged for that visit in accordance with D.O.C. policy.
9. Plaintiff has not produced sufficient evidence to prove that Defendant, by or through its employees, breached any duty owed to him or was negligent in handling Plaintiff's trust account funds.
10. The Affidavit Plaintiff filed to initiate this claim did not comply with Rule 9(j) of the Rules of Civil Procedure. Moreover, Plaintiff presented no evidence at his hearing that would support a finding that the medical staff at Johnston Correctional failed to comply with the applicable standard of care.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must also show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment.See N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. Northwestern Distrib.,Inc. v. N.C. Dept. Of Transp., 41
N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees *Page 4 
thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty.Pulley v. Rex Hospital, 326 N.C. 701, 392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove his case by a preponderance of the evidence.
4. In the instant case, Plaintiff failed to prove that any employee of Defendant breached a duty of care owed to him, either in their treatment of him when he sought medical treatment or in making charges to his trust account in accordance with established Department of Correction policy.
5. Rule 9(j) of the Rules of Civil Procedure provides that "[a]ny complaint alleging medical malpractice by a health care provider . . . in failing to comply with the applicable standard of care under G.S. § 90-21.12 shall be dismissed" if the pleading does not assert that a person who is or may be qualified as an expert witness is willing to testify that the medical care did not comply with the applicable standard of care, or if the pleading does not allege facts establishing negligence under the existing common-law doctrine of res ipsa loquitur. Plaintiff's failure to comply with Rule 9(j) subjects his claim to dismissal.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
3. Each party shall pay its own cost.
This the ___ day of September, 2011. *Page 5 
 S/___________________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ LINDA CHEATHAM COMMISSIONER *Page 1